(No. 43645.-

NELS JOHNSON TREE EXPERTS, INC., Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Dallas Wallace, Appellee.)

*Opinion filed March 30, 1972.*

PETERSON, LOWRY, RALL, BARBER & ROSS, of Chicago (ELROY C. SANDQUIST, JR. and RUSSELL M. PELTON, JR., of counsel), for appellant.

EDWARD J. KIONKA, of Belleville, and KENNETH S. LEWIS, of Chicago, for appellee.

MR. JUSTICE WARD delivered the opinion of the court.

The only question which is put by this appeal is whether the finding of the Industrial Commission that the employee had sustained a 75% permanent loss of the use of the right leg was contrary to the manifest weight of the evidence.

On January 2, 1968, Dallas Wallace, who had been employed as a foreman and tree trimmer for the Nels Johnson Tree Experts, Inc. for ten years, fell 35 feet from a tree on which he had been working. He filed a claim before the Industrial Commission, and after a hearing the arbitrator decided that he had sustained a 100% permanent

loss of the use of the right leg. On review the Industrial Commission found that there had been a 75% permanent loss of use, and on *certiorari* the circuit court of Cook County confirmed the award of the Industrial Commission.

Wallace had fallen on his right leg, causing severe injuries. He suffered an open comminuted fracture of his right femur and patella and an injury to his right knee joint. He underwent surgery and the fracture was reduced, with a pin being inserted in the leg. After being hospitalized for about 37 days he was discharged, but healing did not proceed satisfactorily. About eight months after his discharge he was rehospitalized and underwent additional surgery, which involved the removal of a portion of bone and a resetting. After ten days he was again discharged.

The record shows that the employee must use a cane for walking any distance greater than two or three blocks. His right leg is three-quarters of an inch shorter than his left leg, and he wears a special shoe with a lift to compensate for the deficiency. The arbitrator observed that he still walks with a "very decided limp."

The medical evidence offered by the employee was *inter alia* that he had suffered the industrial loss of the leg. The physician for the employer acknowledged the defect in length between the employee's legs, an atrophy of the muscles of the right leg, the reduced flexion of the right knee, and other impaired abilities of the leg.

The employer concedes that there is a permanent loss of use of the leg and questions only its extent.

It has become axiomatic that it is the office of the Industrial Commission to resolve disputed questions of fact, including the question of the extent of an employee's disability. The function of a court on review is limited to a consideration of whether the findings of the Commission are contrary to the manifest weight of the evidence. *Gubser v. Industrial Com. (1969), 42-Ill.2d 559.*

The impairment here was obviously severe, and it

cannot be said that the finding of the Commission as to its extent was contrary to the manifest weight of the evidence.

The employment of the employee has been but occasional since his injury, and the employer says that there was evidence that the employee was able to perform useful work after his injury but simply failed to do so. This contention, even if supportable, has no relevance here. The direct evidence of the extent of loss of use was fully persuading, and there is no suggestion that the unemployment of the employee was considered in determining the extent of loss of use.

For the reasons given, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*