(No. 45459.—)

SCANDROLI CONSTRUCTION CO., Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(John A. Lee, Appellee.)

*Opinion filed June 4, 1973.*

GILBERT & POWERS, of Rockford (DON M. MATEER, of counsel), for appellant.

REIBMAN and HOFFMAN, LTD., of Chicago (LEWIS P. GAINES, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal by Scandroli Construction Co. (employer) from a judgment of the circuit court of Winnebago County affirming a decision of the Industrial

Commission which awarded John Lee compensation after finding he had suffered a complete loss of use of both feet in one accident which entitled him to an award for total and permanent disability under section 8(e)(18) of the Workmen's Compensation Act. (Ill. Rev. Stat. 1967, ch. 48, par. 138.8(e)(18).) The amount of the award was determined pursuant to section 8(f) of the Act. (Ill. Rev. Stat. 1967, ch. 48, par. 138.8(f).) On appeal the employer contests the finding as to the extent of injury.

The provisions of the Workmen's Compensation Act necessary for consideration of this appeal are as follows:

Section 8(e)(18): *"The specific case* of loss of both hands, both arms, or both feet, or both legs, or both eyes, or of any two thereof, suffered in one accident, or the permanent and complete loss of the use thereof, suffered in one accident, shall constitute total and permanent disability, to be compensated according to the compensation fixed by paragraph (f) of this Section. These specific cases of total and permanent disability shall not be construed as excluding other cases.

\* \* \*

(f) In case of complete disability, which renders the employee wholly and permanently incapable of work, compensation equal to 65% of his earnings but not less than $31.50 nor more than $56 per week, subject to and in accordance with the provisions of subparagraphs 2, 3 and 4 of paragraph (b) of this Section, commencing on the day after the accident, and continuing until the amount paid equals the amount which would have been payable as a death benefit under paragraph (a), Section 7, if the employee had died as a result of the accident at the time thereof, leaving heirs surviving as provided in said paragraph (a), Section 7, and thereafter a pension during life annually, *in the specific case of total and permanent disability equal to 15%* and in other cases of total and permanent disability equal to 12%, of the amount which would have been payable as a death benefit under paragraph (a), Section 7 \*\*\*

\* \* \*

[If] any employee who receives *an award under this paragraph* and afterwards returns to work or is able to do

so, and earns or is able to earn as much as before the accident, payments under such award shall cease. If such employee returns to work, or is able to do so, and earns or is able to earn part but not as much as before the accident, such award shall be modified so as to conform to an award under paragraph (d) of this Section. ***

*Disability as enumerated in subdivision 18, paragraph (e) of this Section shall be considered complete disability.*" (Emphasis added.)

Lee, who was 45 years old on the date of the accident (June 28, 1969), testified he was working as a carpenter and millwright that day when he fell through a roof onto a concrete floor thirty feet below. Lee struck the floor while he was in an upright position and then collapsed. He was taken to a hospital where his feet were packed in ice for nine days until the swelling subsided. Surgery was performed and metal pins were inserted through the ball and into the heel of each foot. Both legs were placed in casts for two months. The pins were removed and his feet remained in casts for an additional two months. Thereafter, surgery was again performed on the left foot. He received electronic and heat therapy and his feet were taped for additional support. Throughout this entire period he was taking medication to ease the pain and reduce the swelling. During the first eight months of his convalescence Lee was confined to a wheelchair. He then progressed to the use of a walker and crutches.

At the time of the hearing before the arbitrator (April, 1971), Lee testified that he had to use a cane when he walked on an uneven or slippery surface. He stated that he experienced difficulty in standing up and would lose his balance unless he could steady himself with his cane, or grasp some other object. He claimed that he would experience irritation and pain in his feet if he walked a great distance or was driving an automobile for a prolonged period. To ease the irritation and pain he would take medication. He said that he now walked with a limp.

Lee further testified that he had been told by his

physician that additional surgery involving a bone fusion (arthrodesis) might be necessary. He chose to think about it for the time being because he was told that he would be incapacitated for one year and in a cast for six months with the results in no way guaranteed.

At the time of this hearing Lee had been employed for seven months as a construction superintendent. This job necessitated a considerable amount of driving and some walking about construction sites. He said he experienced great difficulty in climbing stairs and ladders or walking on soft dirt while performing his duties.

A medical report was introduced into evidence which indicated that Lee had suffered fractures of the heels and bones in both feet, as well as swelling, impaired mobility, and loss of sensory response of the toes in his right foot. An additional report was submitted which stated that Lee had complained that he was unable to work as a carpenter. This report established that Lee's feet were deformed and that he suffered from degenerative arthritic changes at the subtaler joints. It further noted the continued presence of pain, Lee's inability to stand prolonged weight-bearing and his reluctance to undergo additional surgery to relieve the pain which this physician believed "would progress."

The employer now argues that the Workmen's Compensation Act provides that an injury cannot be compensable for 100% loss unless it "renders the employee wholly and permanently incapable of work." (Ill. Rev. Stat. 1967, ch. 48, par. 138.8(f).) Since Lee was gainfully employed subsequent to the accident, it contends the finding as to the extent of disability of both feet is not supported by the evidence. The thrust of the employer's argument is not persuasive.

In pertinent part section 8(e)(18) provides that an employee who has sustained the complete loss of use of two members of his body in one accident is entitled to an award for permanent and total disability in the amount as provided in paragraph (f) of section 8.

An examination of the applicable provisions of section 8(f) discloses that it encompasses two distinct situations. This section provides a schedule for an award granted to those found to be permanently and totally disabled under section 8(e)(18). It further establishes a remedy for those who are wholly incapable of work due to injuries other than those specified in section 8(e)(18). (See *Springfield Park Dist. v. Industrial Com., 49 Ill.2d 67, 71.*) This conclusion is evident, for section 8(f) sets forth two separate pension arrangements. A person found to be disabled under section 8(e)(18), a specific case of total and complete disability (loss or complete loss of use of two members), receives a pension award based on 15% of his death benefit. One who is found to be disabled and incapable of work due to other injuries is granted a pension equivalent to 12% of his death benefit.

The plain language of section 8(f), which provides for a termination or reduction of compensation if the employee returns to work or is able to do so, is limited solely to awards for actual disability and does not apply to an award based on loss or complete loss of use of two members of the body pursuant to section 8(e)(18). This conclusion is apparent, for had the legislature intended that an employee demonstrate his inability to work in cases involving the loss or complete loss of use of two members of his body there would have been no need for the enactment of section 8(e)(18). This interpretation is further supported by that provision of section 8(f) which specifically provides that injuries incurred within the purview of section 8(e)(18) shall be construed as complete disability. We therefore hold that the provision that an employee must be "wholly and permanently incapable of work" does not relate to an award based on the specific loss or loss of use of two members of the body under section 8(e)(18).

The question therefore remains whether Lee sustained injuries to the extent necessary to allow recovery under

section 8(e)(18). Our function in reviewing the Commission's decision as to the nature and extent of an injury is limited to a determination of whether that decision was contrary to the manifest weight of the evidence. (*Bell & Gossett Co. v. Industrial Com., 53 Ill.2d 144, 149; Nels Johnson Tree Experts, Inc. v. Industrial Com., 51 Ill.2d 289, 290.*) In *Keystone Steel & Wire Co. v. Industrial Com., 42 Ill.2d 273,* the Commission found that the injured employee had sustained a complete and total loss of use of his left foot and right leg and entered an award for total and complete disability under section 8(e)(18). The employee was unable to return to his former occupation but he did work for a period of time as a gate attendant. This position required some standing, which the employee was able to do with the aid of leg braces. We affirmed the award and held that the Commission's decision was not contrary to the manifest weight of the evidence. We specifically noted that the employee could not walk without leg braces and that he was unable to return to his previous occupation.

The facts of the present case are sufficiently analogous to those in *Keystone* to sustain the Commission's determination. Here, Lee undisputedly suffered serious injuries, and he experiences difficulty in walking without the assistance of a cane in certain instances. While there is the possibility that additional surgery will relieve his pain, this procedure would necessitate a lengthy period of recovery. There is no evidence that the deformity of his feet can be altered or that his degenerative arthritic condition and other features attendant to his present condition can be successfully treated. He is unable to return to his prior employment and, even though he now works, his activities cause pain and necessitate medication and periods of rest. We believe that under the circumstances the fact that Lee was employed was merely an additional matter to be considered by the Commission in its determination as to the nature and extent of his injury under section 8(e)(18).

After review of the record, we cannot say that the Commission's decision was contrary to the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Winnebago County is affirmed.

*Judgment affirmed.*