(No. 46815.—

THE CITY OF CHICAGO, Appellee, v. THE INDUS-
TRIAL COMMISSION *et al.*—(Theodore Zaucha, Ap-
pellant.)

*Opinion filed March 24, 1975.*

Philip J. Carey and O'Brien, Trittipo & Carey, Ltd.
(Peter B. Carey, of counsel), for appellant.

Richard L. Curry, Corporation Counsel, of Chicago
(Daniel Pascale, Marsile J. Hughes, Assistants Corporation
Counsel, and Richard M. Guerard (law student), of
counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Claimant, Theodore Zaucha, sought workmen's compensation for injuries he sustained while employed as a motor-truck driver for the City of Chicago. At a hearing before an arbitrator the parties stipulated that the injuries suffered arose out of and in the course of employment, and that the only issue in dispute was the nature and extent of the injuries. From the evidence adduced, the arbitrator found that the claimant had sustained accidental injuries causing the permanent and complete loss of use of the right and left arms to the extent of 15% for each arm and awarded compensation. The arbitrator additionally found that the claimant had a permanent and complete loss of use of the left leg to the extent of 40%. The compensation for the leg injury, however, took into consideration a previous and independent injury to that leg for which the claimant had received compensation for the permanent and complete loss of use to the extent of 30%. After additional evidence was presented on review before the Industrial Commission, the arbitrator's decision was affirmed. On *certiorari* to the circuit court of Cook County, the decision of the Industrial Commission awarding permanent partial loss of use of the left leg was affirmed, while the decision awarding permanent partial loss of use of the right and left arms was set aside. Claimant appeals the reversal of the latter award, contending that the determination of the Industrial Commission in regard to this award was not against the manifest weight of the evidence. 50 Ill.2d R. 302(a).

At a hearing before the arbitrator, Theodore Zaucha was the only party to testify. He stated that on November 10, 1971, he was driving a truck for the City of Chicago. As he was making a left turn, the body of the truck shifted off its carriage and came down on the right rear wheel causing the truck to stop abruptly. Zaucha was thrown forward hitting his stomach on the steering wheel and his

head and left shoulder against the windshield. Immediately following the accident, Zaucha stated that he felt no pain, but he did notice a "kink" in his neck and his back bothered him. A few days later he sought medical treatment when he started to have "weights" on his shoulders and his arms began to ache. X rays were taken of Zaucha's head, neck, back and hips, and he was given heat treatments and pain pills over a 2½- to 3-month period. Zaucha further stated that he returned to his normal work schedule following the accident and has worked continually with a loss of only three or four days during the treatment period. As to his present condition he testified that toward the end of each day he would start to feel a continuous pain in his shoulders, which radiated down his arms.

Following this testimony Zaucha offered in evidence, without objection, the medical report of a doctor who had examined him for injuries. The report stated, in pertinent part, that the doctor had diagnosed the injuries as a contusion and strain injury of the cervical area bilaterally, bilateral cervical tendinitis, myositis of the rhomboid musculature bilaterally with impaired motility of the neck and both arms. The doctor found that Zaucha had suffered an "industrial loss" of the right and left arms. The City offered as its only evidence, without objection, a medical report of an examining doctor. The doctor found, basically, that there was no intrinsic atrophy or weakness in the hands, and that there was normal sensation and good motion in the joints of the upper extremities. Motion of the cervical spine in extension and lateral rotation was within normal limits, though there was tenderness in the midline of the cervical spine. On review before the Industrial Commission, the City offered a second medical report by a doctor who had recently examined Zaucha. The doctor also found no evidence of an injury to the arms.

It is the province of the Industrial Commission to

resolve disputed questions of fact, including the nature and extent of the employee's disability, and to draw reasonable inferences therefrom. (*Keystone Steel & Wire Co. v. Industrial Com.*, 42 Ill.2d 273, 276; *Owens-Illinois Glass Co. v. Industrial Com.*, 39 Ill.2d 312, 316.) The reviewing court will not substitute its judgment for that of the Industrial Commission, and it will not discard permissible inferences drawn by the Commission merely because it might have drawn other inferences from such facts. (*Ajax Buff Co. v. Industrial Com.*, 56 Ill.2d 575, 580.) A court is limited to the consideration of whether said determinations are contrary to the manifest weight of the evidence. *Pontiac Chair Co. v. Industrial Com.*, 59 Ill.2d 261, 266; *Newgard v. Industrial Com.*, 58 Ill.2d 164, 170.

There is no dispute as to the occurrence of the accident which resulted in Zaucha's medical treatment. The examining physician for Zaucha found that he had sustained injury to the cervical area and rhomboid musculature with impaired motility of the neck and of both arms, as we have heretofore related. While the City's doctors made a contrary finding, this merely created a factual dispute for the Industrial Commission's determination. While we may not have decided the matter similarly had we made the initial determination, we cannot say from the facts and the reasonable inferences to be drawn therefrom that the Industrial Commission's decision was contrary to the manifest weight of the evidence.

Accordingly, that portion of the judgment of the circuit court of Cook County pertaining to the permanent partial loss of use of both arms is reversed and the Industrial Commission's award is reinstated.

*Reversed in part; award reinstated.*