(No. 46997.— <span></span> )

THOMAS SEAY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Andy Nyquist Construction Company *et al.*, Appellees.)

*Opinion filed January 26, 1976.*

Joseph M. Tobias, of Chicago, for appellant.

Burgeson, Laughlin, Cunningham & Smith, of Chicago (John E. Hayes, of counsel), for appellees.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that petitioner, Thomas Seay, suffered accidental injuries while employed by respondent, Andy Nyquist Construction Company, and awarded him compensation for the permanent loss of 40% of the use of his left leg and temporary total compensation for 64 weeks. (Ill. Rev. Stat. 1969, ch. 48, par. 138.8(e).) Petitioner petitioned for review of the decision of the arbitrator. The Industrial Commission, following the taking of additional evidence, affirmed the award of the arbitrator and in addition awarded petitioner compensation for the permanent loss of 10% of the use of his right leg. Petitioner sought *certiorari,* the circuit court of Cook County confirmed the award, and petitioner appealed under Rule 302(a).

It is petitioner's contention that the evidence shows that by reason of the injury he had become "partially incapacitated from pursuing his usual and customary line of employment" and that the Industrial Commission was required to award him compensation under the provisions of section 8(d) of the Workmen's Compensation Act (ch. 48, par. 138.8(d)). He argues that the award for specific losses of use of his legs under section 8(e) is contrary to the manifest weight of the evidence. He argues further that the record shows "the difference between the average amount which he earned before the accident and the

average amount which he is earning or is able to earn" after the accident, and that the judgment should be reversed and the cause remanded to the Industrial Commission with directions to enter an award under section 8(d).

Petitioner testified that since the accident he had experienced virtually continuous numbness and pain in his legs, the pain in the left leg being more severe than in the right. He has been unable to bend, and cannot lift heavy objects. His employment since the accident has been sporadic, and at hourly rates of pay substantially lower than he had earned prior to being injured.

The medical evidence consists of the reports of two physicians. Dr. Irwin T. Barnett, petitioner's physician, was of the opinion that petitioner was "suffering from the residuals of a herniated disc" and should avoid "heavy physical labor." Dr. Carlo Scuderi, respondent's physician, stated that the X-ray films show "persistent finding of a narrowing of lumbosacral disc space." He, too, was of the opinion that petitioner should not engage in work "requiring heavy stooping and lifting." Dr. Scuderi did not think that exploratory surgery was warranted and stated that a condition diagnosed as acne or dermatitis precluded surgery at the time of his examinations. It appears from the reports that petitioner's condition will not improve without surgery, and that surgery will not completely correct his condition, but neither physician expressed an opinion concerning the extent of improvement to be anticipated if and when surgery were to be performed. Dr. Barnett stated an opinion that plaintiff had suffered partial loss of use of both legs.

In *Chicago Transit Authority v. Industrial Commission,* 61 Ill.2d 78, 84-85, we said: "The factual determination of the Industrial Commission as to the extent of disability will not be set aside unless contrary to the manifest weight of the evidence. (*Interlake Steel Corp. v. Industrial Com.,* 60 Ill.2d 255, 260; *Board of Trustees of the University of Illinois v. Industrial Com.,* 55 Ill.2d 293,

300; *Scandroli Construction Co. v. Industrial Com.*, 54 Ill.2d 395, 400.) It is for the Industrial Commission to draw reasonable inferences from the evidence, and its resolution in this regard will not be overturned merely because a court may have drawn opposite inferences. (*City of Chicago v. Industrial Com.*, 60 Ill.2d 283, 286.) Consideration of the various medical reports and claimant's testimony relating to his disabilities indicate that the evidence is conflicting and gives rise to reasonable inferences in support of the differing positions. Under such circumstances the Commission's determination will not be set aside. See *City of Chicago v. Industrial Com.*, 59 Ill.2d 284, 288." From our review of the record we conclude that the findings of the Industrial Commission are not contrary to the manifest weight of the evidence.

We have examined the authorities cited by petitioner in support of his argument that compensation should be awarded under section 8(d) (*Shell Oil Co. v. Industrial Com.*, 2 Ill.2d 590; *Sampson v. Industrial Com.*, 33 Ill.2d 301) and find them inapposite. The losses of use found by the Industrial Commission are covered by the specific schedule set forth in section 8(e) and therefore fall within the exclusion provided in section 8(d). The circuit court did not err in confirming the decision of the Industrial Commission, and the judgment is affirmed.

*Judgment affirmed.*