(No. 47749.—

ROBERT SOPHER, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Staley Chemical Company, Appellant.)

*Opinion filed May 28, 1976.*

380

Raymond J. Kelly and Mark A. Leis II, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

J. Michael Madda, of Chicago (John E. Flavin, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that petitioner, Robert Sopher, suffered accidental injuries while employed by respondent, Staley Chemical Company, and awarded him compensation for the permanent loss of 15% of the use of his right arm and the sum of $79 for necessary first aid and medical services. Respondent petitioned for review, and the case was submitted to the Industrial Commission on the transcript of the hearing before the arbitrator. The Industrial Commission set aside the arbitrator's decision and awarded petitioner compensation for the permanent loss of 5% of the use of his right arm and $79 for medical expenses. Petitioner sought *certiorari,* and the circuit court of Cook County set aside the decision of the Industrial Commission and ordered that

"the Decision of [the] Arbitrator *** is substituted in its stead." Respondent appealed. Rule 302(a).

Although respondent contended before the arbitrator that petitioner had not suffered an accidental injury, the only question in this appeal is the extent of petitioner's injury. Respondent argues that the circuit court erred in setting aside the decision of the Industrial Commission, and petitioner responds that the Commission's findings and decision were against the manifest weight of the evidence.

Petitioner testified that his right arm ached, was stiff and swollen and that his grip was weakened. He stated that he had first noticed pain in his elbow while moving a heavy steel plate and that it had persisted since that time.

There was no medical testimony. Petitioner introduced the report of Dr. Robert C. Busch, who had examined him approximately 16 months after the accident. Dr. Busch reviewed petitioner's complaints and stated that upon examination he found tenderness and spasm in the right elbow area. He made a diagnosis of "Epicondylitis lateral epicondyle, swelling of right elbow, impaired motility right elbow, weakness, stiffness, tendinitis, synovitis."

Respondent introduced into evidence a report in which Dr. Ben C. Camacho, Jr., advised respondent's insurance carrier that petitioner "had a lateral epicondylitis of the right elbow ***," that the examination showed "satisfactory recovery from such and no further definitive treatment or disability is indicated." This report bears the same date as that of Dr. Busch.

In *Chicago Transit Authority v. Industrial Com.*, 61 Ill.2d 78, 84-85, we said: "The factual determination of the Industrial Commission as to the extent of disability will not be set aside unless contrary to the manifest weight of the evidence. (*Interlake Steel Corp. v. Industrial Com.*, 60 Ill.2d 255, 260; *Board of Trustees of the University of Illinois v. Industrial Com.*, 55 Ill.2d 293, 300; *Scandroli*

*Construction Co. v. Industrial Com.,* 54 Ill.2d 395, 400.) It is for the Industrial Commission to draw reasonable inferences from the evidence, and its resolution in this regard will not be overturned merely because a court may have drawn opposite inferences. (*City of Chicago v. Industrial Com.,* 60 Ill.2d 283, 286.) Consideration of the various medical reports and claimant's testimony relating to his disabilities indicate that the evidence is conflicting and gives rise to reasonable inferences in support of the differing positions. Under such circumstances the Commission's determination will not be set aside. See *City of Chicago v. Industrial Com.,* 59 Ill.2d 284, 288." From our review of the record we conclude that the findings of the Industrial Commission were not contrary to the manifest weight of the evidence and the circuit court erred in failing to confirm the award. The judgment of the circuit court of Cook County is reversed, and the award of the Industrial Commission is reinstated.

*Judgment reversed; award reinstated.*