(No. 48411.-

JOHNNY J. PRUIETT, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(John Deere Foundry, Appellee.)

*Opinion filed November 24, 1976.*

Gordon E. Winders, of Rock Island, for appellant.

Bozeman, Neighbour, Patton & Noe, of Moline (Hubbard B. Neighbour of counsel), for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

This appeal is from a judgment of the circuit court of Rock Island County which confirmed an award of the Industrial Commission in favor of the claimant, Johnny J. Pruiett, an employee of the respondent, John Deere Foundry. An arbitrator for the Commission had found that the claimant was entitled under the Workmen's Compensation Act to compensation for the permanent loss of the use of 30% of his right and left legs and temporary total compensation for 51 6/7 weeks. (Ill. Rev. Stat. 1971, ch. 48, par. 138.8(e).) His findings were affirmed by the Commission.

The claimant was employed as a "degator" by the respondent. "Degators" worked in pairs. One man would stand on one side of a conveyor and use a sledge hammer to knock "gates"—pieces of metal—from castings as the castings passed on the conveyor. The other man would remove the "gate" and toss it aside. The claimant had spent the morning of February 2, 1972, removing the "gates" from the conveyor. At approximately 1:30 in the afternoon the claimant felt a sharp pain in his right side while tossing one of the "gates." The claimant visited one of the plant physicians that afternoon and continued to see him for about two weeks. Thereafter, on February 17, 1972, he was hospitalized and a myelogram was performed. He was hospitalized again on May 5, 1972, and on May 6 surgery was performed on his lower back. It was discovered at this time that the claimant was suffering from a herniated disc, and the disc was removed. The claimant was hospitalized for a third time on November 28, 1972, and another myelogram was performed. The claimant returned to work on April 25, 1973.

The claimant testified before the arbitrator that he has experienced continual pain in both of his legs since the accident; that he has had numbness and cramps in his left

leg since that time; and that his legs are cold and weak. He said he has weakness in the back; that it swells on occasion; and that he is unable to bend at times. He testified that before the accident he worked as a degator and earned $240 on an average for a 40-hour week. Since his injury he has worked as a laborer and his earnings average only $178.40 for a 40-hour week. He stated that his job assignment was changed after the accident because his doctor has instructed him not to lift anything weighing more than 25 pounds.

The medical evidence consisted of reports made by the hospital where the claimant received treatment and by the physicians who either treated or examined him. They agreed that he should avoid any type of activity that involved excessive bending and twisting and that he should avoid lifting objects weighing over 25 pounds.

The claimant argues here that he is entitled to an award under section 8(d) of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.8(d)). Section 8(d) provides, in part:

> "If, after the accidental injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall, except in cases covered by the specific schedule set forth in paragraph (e) of this Section, receive compensation, subject to the limitations as to time and maximum amounts fixed in paragraphs (b) and (h) of this Section, equal to 65% of the difference between the average amount which he earned before the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident."

He states that there is sufficient evidence in the record to demonstrate that he is "partially incapacitated from pursuing his usual and customary line of employment" and to establish the amounts of his salary before and after the accident. He argues that the Commission erred when it made the award under section 8(e) (Ill. Rev. Stat. 1971, ch. 48, par. 138.8(e)).

The invincible difficulty with the claimant's position is that it fails to take into account that section 8(d) specifically states that it is not applicable when an employee sustains an injury compensable under section 8(e). The Commission determined here that the claimant had suffered an injury that was compensable under section 8(e)—the permanent loss of the use of 30% of both his legs. In *Seay v. Industrial Com.*, 62 Ill. 2d 241, 243, this court considered and rejected an identical contention that the claimant should have received an award under section 8(d), and we said, quoting *Chicago Transit Authority v. Industrial Com.*, 61 Ill. 2d 78, 84-85, with approval: " 'The factual determination of the Industrial Commission as to the extent of disability will not be set aside unless contrary to the manifest weight of the evidence. [Citations.] ' " See also *C.S.T. Erection Co. v. Industrial Com.*, 61 Ill. 2d 251; *Allen v. Industrial Com.*, 61 Ill. 2d 177; *Keystone Steel & Wire Co. v. Industrial Com.*, 42 Ill. 2d 273.

The claimant here made his claim under section 8(e), and though he did offer evidence that he had by his injury been required to take a lower paying job assignment, he offered extensive evidence that he had suffered a loss of use of his legs, a loss compensable under section 8(e). The arbitrator's award in favor of the claimant was made under the provisions of section 8(e), and this award as to the extent of the claimant's disability was the award affirmed by the Commission. We will overturn a finding of the Commission as to the extent of disability only when it is contrary to the manifest weight of the evidence (*Seay v. Industrial Com.*, 62 Ill. 2d 241, 244), and we cannot so conclude here. Consequently, we affirm the judgment of the trial court.

For the reasons stated, the judgment of the circuit court is affirmed.

*Judgment affirmed.*