(No. 50209.—

WILLIAM M. OSBORNE, Appellant, v. THE INDUS-TRIAL COMMISSION *et al.*—(Pickens-Kane Moving & Storage, Appellee.)

*Opinion filed May 26, 1978.*

MORAN and KLUCZYNSKI, JJ., took no part.

William M. Osborne, of Galesburg, *pro se*.

Terrance J. Van Driska, of Chicago, for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

An arbitrator for the Industrial Commission found that William Osborne, the claimant, suffered a permanent loss of 15% of the use of his right thumb as a result of an

accidental injury sustained while employed as a mover by the respondent, Pickens-Kane Moving and Storage. On review, the Commission enlarged the award to include compensation for a permanent loss of 10% use of the claimant's left leg. The circuit court of Cook County confirmed the award for loss of use of the thumb, but set aside that portion of the award relating to loss of use of the leg. The claimant has appealed from that portion of the judgment under our Rule 302(a). 58 Ill. 2d R. 302(a).

The only question for us is whether the circuit court erred in holding that the Commission's additional finding for loss of use of the leg was contrary to the manifest weight of the evidence. The respondent does not dispute the award for the injury to the claimant's thumb.

On July 3, 1975, the claimant was moving a filing cabinet and as he tilted the cabinet in order to slip a dolly beneath it, the claimant testified, his left leg collapsed and the cabinet fell on his right thumb. The award for the injury to the thumb, as we have noted, is not in issue. The claimant contends that the accident also aggravated a preexisting condition of his left knee and that the circuit court erred in setting aside the Commission's award for that injury.

The evidence shows that the claimant, while employed by the respondent, had on May 16, 1973, and July 30, 1973, suffered compensable injuries to the left knee. Corrective surgery for those injuries was performed September 18, 1973. The claimant returned to his job early in 1974, and worked more or less continuously until the accident of July 3, 1975. His left knee had continued to bother him, however, and in June 1975 the workmen's compensation carrier for the respondent as of the time of the two earlier injuries scheduled an appointment for the claimant with an orthopedic surgeon for July 11, 1975. The accident of July 3, 1975, intervened. The claimant kept the scheduled appointment, and further surgery was

recommended. A second operation was performed upon the claimant's knee on July 30, 1975. His condition has since improved, but he remains unable to perform the heavy bending, lifting, and carrying required of a mover. Compensation representing a permanent loss of 60% of the use of the claimant's left leg has already been awarded and paid under separate proceedings before the Industrial Commission based on his injuries of May 16, 1973, and July 30, 1973.

The claimant testified that prior to the accident of July 3 he had been able to work more or less steadily in spite of the previous injuries to his knee. He stated that he observed the knee was more swollen immediately after that accident, and that he was unable to work after it.

The respondent argues that the claimant had been in need of further surgery on the left knee prior to July 3, 1975, and that the last accident did not further disable the claimant. The claimant's supervisor testified before the arbitrator that the claimant did not mention an injury to the knee when he reported the accident. The claimant did not seek treatment for the injury to his knee at the hospital to which he was first taken for emergency care on July 3 or at the medical clinic where he received out-patient treatment for the injured thumb.

The claimant did offer an explanation for these circumstances. He testified that he did in fact report the leg injury to his supervisor, that he did not seek treatment for the leg at either the hospital or the clinic because an appointment had already been scheduled for July 11 with an orthopedic surgeon, and that because of this he did not wish the hospital or clinic to treat his knee. In response to a hypothetical question, the orthopedic surgeon who examined the claimant's knee on July 11, 1975, testified at the hearing before the Commission that the accident of July 3, 1975, "could or might have aggravated a pre-existing condition."

There was conflicting evidence in this case, and reasonable inferences could have been drawn in support of either the claimant's or the respondent's position. It is the responsibility of the Industrial Commission to resolve disputed questions of fact, including the nature and extent of the claimant's disability, and to draw reasonable inferences from the facts. (*City of Chicago v. Industrial Com.* (1975), 60 Ill. 2d 283, 285-86.) A reviewing court cannot disturb the Commission's determination simply because it might have drawn opposite inferences. (*Seay v. Industrial Com.* (1976), 62 Ill. 2d 241, 244.) The findings of the Industrial Commission as to the facts will be set aside only if they are contrary to the manifest weight of the evidence. (*Chicago Transit Authority v. Industrial Com.* (1975), 61 Ill. 2d 78, 84-85.) A review of the record does not persuade us that the finding of the Industrial Commission that the claimant sustained an additional 10% loss of the use of the leg from the accident of July 3, 1975, was contrary to the manifest weight of the evidence. The Workmen's Compensation Act provides that compensation for injuries shall be apportioned according to the proportion of disability caused by the respective injuries a worker may have suffered. (Ill. Rev. Stat. 1975, ch. 48, par. 138.10(h).) The judgment of the circuit court of Cook County is therefore reversed as to that portion of the judgment which set aside in part the Commission's award. The balance of the circuit court judgment, not having been contested, is affirmed, and the award of the Industrial Commission is reinstated.

*Affirmed in part and reversed in part; award reinstated.*

MORAN and KLUCZYNSKI, JJ., took no part in the consideration or decision of this case.