(No. 50439.-

GENEVIEVE M. GIGANTI, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.*—(Illinois Bell Telephone
Co., Appellee.)

*Opinion filed Sept. 19, 1978.—Rehearing denied Dec. 1, 1978.*

Thomas F. Londrigan, of Londrigan & Potter, P.C., of Springfield (Alexandra de Saint Phalle, of counsel), for appellant.

Douglas F. Stevenson and Weston W. Marsh, of Rooks, Pitts, Fullagar & Poust, of Chicago, for appellee.

Harold A. Katz, Irving M. Friedman, Jerome Schur, and Warren E. Eagle, of Katz, Friedman, Schur & Eagle, Chartered, of Chicago, for *amicus curiae* Communications Workers of America, AFL-CIO.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

Genevieve Giganti filed an application for adjustment of claim with the Industrial Commission, seeking compensation for injuries she allegedly received during an altercation in Springfield on the premises of her employer, Illinois Bell Telephone Company (Bell). Her claim was denied by the arbitrator and by the Industrial Commission, and the Commission's action was confirmed by the circuit court of Sangamon County. She appealed directly to this court under our Rule 302(a) (58 Ill. 2d R. 302(a)).

On October 22, 1974, the date of the incident involved here, a recently adopted collective bargaining agreement was in effect between members of the union of which the claimant was a member and an officer and Bell, the respondent. Copies of the agreement had not yet been circulated to the respondent's union employees. The agreement provides in part:

> "23.04 At any meeting between a representative of the Company and an employee *in which discipline* (including warnings which are to be recorded in the personnel file, suspension, demotion or discharge for cause) *is to be announced,* a Union representative may be present *if the employee so requests."* (Emphasis added.)

The claimant was a vice-president and the chief clerical steward of her local. Her duties as steward included the handling of grievances and providing, under certain specified conditions, *e.g.,* as in 23.04 above, union representation to employees in her unit. She testified that prior to

the incident here she had never represented a union member.

On October 22, 1974, the claimant learned that an employee in her office, who was a union member, was being interviewed by an internal investigator of the respondent. The investigator's inquiry related to nuisance phone calls originating from the respondent's office. According to the claimant's testimony before the arbitrator and her deposition which the respondent introduced, she wanted to ascertain whether the employee being interviewed was entitled to, or desired, union representation pursuant to the collective bargaining agreement. The claimant first asked her managing supervisor to call the investigator in the conference room and she did. The investigator told the supervisor that the claimant could see the employee when he had completed his interview. The supervisor refused to tell the claimant in which conference room the employee was being interviewed. The claimant then placed a call to the respondent's Chicago office and asked an official of Bell for an opinion as to whether she was entitled to be present at the interview. She was told he would call her back with the answer. Rather than wait for a response, the claimant decided to go to the conference room, the location of which had somehow become known to her.

The claimant testified that she knocked on the door and when it was partially opened by the investigator, an argument developed between them. What followed is in dispute. The claimant stated she asked the employee to step into the hall to speak with her, but the employee, who stayed within the room, told her, "I'll be all right, Gen." She testified that the investigator then struck her left shoulder with his left hand as she stood against the door and frame, and slammed the door in her face. She did not contend that she was struck by the door. She also testified that her medical expenses were paid under a

company funded group insurance policy, and that she was compensated for time she lost from work under a seniority program provided by Bell.

The investigator's version of the incident differed substantially from that of the claimant. He testified that when he received the phone call in the conference room, he told the employee with whom he was discussing the nuisance phone calls that the claimant wished to speak with her. The employee, he said, expressed irritation that anyone other than her supervisor knew about the matter, which she wished to be kept confidential. Fifteen minutes later, the claimant knocked on the door. The investigator testified that he opened the door about 18 inches and stood at the opening, with his hand resting on the handle and his right foot against the door so it could not be opened further. The claimant, he said, was in a "very emotional and irate state *** and demanded to come in." He told her she could not. During a brief dispute, in which, he testified, the claimant was "yelling," she tried to push the door open, using her left hand and shoulder. He kept his foot on the floor against the door until the claimant turned and left. He denied having touched her or having had any physical contact with her.

Two reports prepared by the claimant's treating physician, Dr. H.G. Woody, were received into evidence. Her condition was diagnosed as cervical sprain and mild arthritis, and Dr. Woody further noted:

> "[C]ertainly part of her problem deals with mental health and I don't think there is nearly as much wrong with her as she thinks and certainly the incident, I think, has been blown up in her mind because it apparently was degrading to her.
>
> *** I had hoped that she would soon realize that this was more an anxiety reaction than anything else. I'm sure she does have some pain in her neck due to the fact that she does have some mild arthritic changes and most of us who do have arthritic changes in the cervical spine do

have some pain but we live with it and I'm sure she could too."

The claimant argues that as an employee who was acting, when injured, in furtherance of her union duties on behalf of both employer and employee under a collective bargaining agreement, she was entitled to compensation. We need not consider the validity of that broad proposition, for there was no evidence that the claimant was acting pursuant to authority under the collective bargaining agreement. The interview giving rise to the conflict here was not a meeting at which the claimant's presence had been requested, or in which discipline was to be announced. The respondent's investigator testified that he had no authority to impose discipline.

The testimony of the claimant and that of Bell's investigator sharply conflicted. What actually happened at the conference room door was a question of fact for the Commission to resolve, and it is axiomatic that the Commission's finding resolving it will not be disturbed unless the finding is contrary to the manifest weight of the evidence. (*Osborne v. Industrial Com.* (1978), 71 Ill. 2d 546, 550.) It is clear that the Commission chose to accept the investigator's account of the occurrence, thereby rejecting the claimant's contention that she had been struck by him. This court reviewed the compensability of injuries arising out of physical conflicts between employees in *Fischer v. Industrial Com.* (1951), 408 Ill. 115, and while the following expression by the court does not precisely fit the factual situation here, it is relevant:

"Likewise, it is equally well settled that an injury in a fight between two employees arising out of a quarrel concerning the employer's work in which they were engaged is, as to the employee not responsible for the assault, a risk incidental to the employment and therefore compensable [citations], but the injuries to the assailant, being

traceable directly to his voluntary actions as aggressor, cannot be ascribed to the conditions of the employment or considered a risk incidental to the employment and, hence, are not compensable. *Armour & Co. v. Industrial Com.* 397 Ill. 433; *Triangle Auto Painting and Trimming Co. v. Industrial Com.* 346 Ill. 609." (408 Ill. 115, 119.)

See also *Triangle Auto Painting & Trimming Co. v. Industrial Com.* (1931), 346 Ill. 609, 618.

As in *Fischer,* there was evidence that the claimant was the aggressor and brought injury upon herself by pushing against the door. The finding of the Commission in favor of Bell was not contrary to the manifest weight of the evidence. The judgment of the circuit court of Sangamon County confirming the decision of the Industrial Commission is accordingly affirmed.

*Judgment affirmed.*