(No. 55953.-

DON GRAHAM, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Paul K. Finfrock, Appellee).

*Opinion filed November 18, 1982.*

Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington (James T. Foley, of counsel), for appellant.

James Walker, Ltd., of Bloomington, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that on August 16, 1971, petitioner, Paul K. Finfrock, suffered accidental injuries arising out of and in the

course of his employment by respondent, Don Graham. He found that petitioner had suffered injuries which completely disabled him and rendered him wholly and permanently incapable of work and awarded him compensation under paragraph (f) of section 8 of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.8(f)). On review the Industrial Commission affirmed the award of the arbitrator. On *certiorari,* for reasons not relevant to this appeal, the circuit court of McLean County remanded the cause to the Industrial Commission. On remand the Industrial Commission again affirmed the decision of the arbitrator. Petitioner again sought *certiorari,* and the circuit court found that the decision of the Industrial Commission was against the manifest weight of the evidence. It vacated the decision of the Industrial Commission and remanded the cause with directions to enter a decision finding that petitioner had sustained total and permanent disability under section 8(e)(18) of the Workmen's Compensation Act due to the loss of use of both feet. On remand, the Commission entered the section 8(e)(18) award. Respondent sought *certiorari,* and the circuit court confirmed the decision. Respondent appealed. 73 Ill. 2d R. 302(a).

Petitioner was the only witness at the hearing before the arbitrator. He testified that on August 6, 1971, he was injured while driving a truck for respondent. Due to injuries sustained to his lower back, petitioner lost all sensation in his rectum, penis, and lower legs. Petitioner was taught how to catheterize himself and must do so between 20 and 25 times a day. Petitioner testified that because he has lost all sensation in his genital area, this does not cause pain. Since petitioner has no feeling in his rectum, he must check his bowels manually and manually extricate any fecal matter. As the result of rehabilitative procedures, petitioner is now able to walk with the help of braces on each leg. Petitioner testified that

he did not wear these braces while he was in the house or doing light chores such as taking out the garbage, but that he was required to wear the braces when he went anywhere. Petitioner testified that it was necessary that he lie down to rest once in the morning and once in the afternoon.

The evidence deposition of Dr. Floyd S. Barringer was introduced into evidence. Dr. Barringer's last examination showed that petitioner had made considerable recovery in the strength of his right lower extremity but very little in his left lower extremity. Petitioner's left lower extremity had a severe foot drop and paralysis of the left foot. A leg brace extending from the knee to the foot was required for petitioner to walk. Dr. Barringer concluded that petitioner's injuries were permanent. On cross-examination, Dr. Barringer was asked if he made any observations concerning petitioner's April 3, 1972, visit. Dr. Barringer noted that his observations were as follows:

"Right leg much improved, left leg no change; continues with his left leg brace."

The evidence deposition of Dr. Robert G. Killough was also introduced into evidence. Dr. Killough detailed petitioner's inability to control his bladder or his rectum and described the treatments which were necessitated by this condition. Dr. Killough noted that at the time he saw him petitioner had partial return of his leg function and was able to walk with braces. Also introduced into evidence was a letter from Dr. Gordon Schultz, an orthopedic surgeon, dated February 9, 1978. Dr. Schultz' letter described petitioner's condition as paraplegia with almost complete paralysis of the legs below the knees. The doctor's letter noted:

"He wears two short leg braces. If he walks slow he can get along rather well. It is difficult to say just what his endurance would be. He can walk short distances without his braces but when he does, his ankles are very unsteady

and he could sprain them very easily. He has a foot drop on the left side which is fairly marked. He can control the foot drop on the right. \*\*\* He has marked atrophy below both knees. \*\*\* He can't walk up on his toes. He can stand [erect] and raise the right forefoot up off of the floor. He can barely raise the left forefoot off of the floor."

Dr. Schultz also noted that the patient had no sensation relating to urination or defecation, and that urination had to take place through the use of catheters inserted by petitioner, and defecation had to be performed "either manually or by massaging muscles so as to express feces."

Other letters and reports from doctors admitted into evidence reiterated the same diagnosis and recommended that petitioner continue rehabilitation and vocational training for work other than "his former vocation as a truck driver or as a manual laborer."

The dispute between the parties concerning the applicability of section 8(f) or section 8(e)(18) arises from the fact that petitioner has completed a course at Illinois State University and received a degree in business accounting. The testimony does not show that he is presently employed, but it appears from the comments of counsel that he is employed as an accountant and his earnings are substantially less than they would be if he could perform the duties of his former employment as a truck driver. What is at stake is well illustrated by the comment contained in the opinion of the circuit court:

"An award made under section 8(f) may be terminated if a recipient returns to work. An award under section 8(e)(18) is not subject to termination if a recipient returns to work. Petitioner has received a college degree, and is now employed as an accountant. Simply put, his rehabilitation and return to employment will cause the termination of his section 8(f) pension."

Respondent argues that the determination of the extent or permanency of an employee's disability is a question of fact which should not be disturbed by a reviewing court

unless it is against the manifest weight of the evidence. Respondent notes that while the evidence was not conflicting, different inferences could be drawn therefrom. Citing *Scandroli Construction Co. v. Industrial Com.* (1973), 54 Ill. 2d 395, and *Keystone Steel & Wire Co. v. Industrial Com.* (1969), 42 Ill. 2d 273, respondent argues that a reviewing court may not disregard permissible inferences drawn by the Industrial Commission merely because the court might have drawn different inferences from the evidence.

It is petitioner's contention that although the evidence would sustain the award under section 8(f), it shows he also lost the complete use of both feet, a loss compensable under section 8(e)(18). He argues that, where either section might apply, the Industrial Commission should make a finding under the more beneficial section 8(e)(18) and that the finding under section 8(f) was against the manifest weight of the evidence.

Although the evidence shows many additional serious and permanent injuries, there is no question that petitioner suffered the complete loss of the use of both feet. The evidence of an insignificant amount of movement in petitioner's legs and that petitioner, by reason of rehabilitative treatment and the constant wearing of braces, is to some extent ambulatory, does not refute the complete loss of use of his lower extremities. (*Scandroli Construction Co. v. Industrial Com.* (1973), 54 Ill. 2d 395.) On this record we agree with petitioner that to effect " 'the practical and liberal interpretation' of the Act 'intended by the legislature' " (*Monterey Coal Co. v. Industrial Com.* (1980), 79 Ill. 2d 334, 338) the award should have been entered under section 8(e)(18). The circuit court correctly held that the award should have been entered under section 8(e)(18), and its judgment is affirmed.

*Judgment affirmed.*