*Reversed and remanded.*

(No. 56779.—

DAN PETERS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Royal Packing Company, Appellee).

*Opinion filed March 25, 1983.*

Jack Randall, of St. Louis, Missouri, for appellant.

William L. Rogers, of Keefe & De Pauli, P.C., of Fairview Heights, for appellee.

JUSTICE MORAN delivered the opinion of the court:

On April 26, 1976, petitioner, Dan Peters, was employed by respondent, Royal Packing Company. On this date, petitioner was handling a portion of meat when it came off a hook, causing a bone in the meat to lacerate his right leg above the knee. The arbitrator found petitioner sustained permanent and serious disfigurement and awarded three weeks of compensation. The Industrial Commission reversed, finding no evidence of permanent disability and that petitioner failed to prove he sustained "any serious and permanent disfigurement." The circuit court of St. Clair County confirmed the Commission's decision. Petitioner brings this appeal pursuant to Supreme Court Rule 302(a) (87 Ill. 2d R. 302(a)).

The issue on review is whether the decision of the Industrial Commission is against the manifest weight of the evidence.

Disfigurement to the leg above the knee is not compensable. Section 8(c) of the Workmen's Compensation Act states:

> "For any serious and permanent disfigurement to the hand, head, face, neck, arm, *leg below the knee* \*\*\*, the employee is entitled to compensation for such disfigurement \*\*\*." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 48, par. 138.8(c).

A review of the record indicates the only injury suffered by claimant was a one centimeter scar *above* the knee. At the time of the injury, petitioner was taken to Sutter Clinic. An X ray showed no foreign body. Two sutures were taken and steristrips were applied. The next

day he returned to the clinic and the wound was redressed. On May 5, 1976, the sutures were removed and petitioner was discharged. A medical report from Dr. Vernon Balster of Sutter Clinic stated the wound was healed, there was no disability and "only the skin was involved."

Petitioner's examining physician, Dr. Ralph J. Graff, stated in his report that his examination revealed a well-healed one-centimeter scar. Although petitioner complained of a clicking in the knee with flexion and extension, Dr. Graff found "motion at the knee to be normal."

We hold the Commission's finding was not against the manifest weight of the evidence. Therefore, the judgment of the circuit court of St. Clair County is affirmed.

*Judgment affirmed.*