(No. 58154.—

GLENDA SUE WALLACE, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.* (The Nestle Company,
Appellee).

*Opinion filed October 4, 1983.*

34

Jack Randall, of St. Louis, Missouri, for appellant.

Donald L. Smith, of Hoagland, Maucker, Bernard & Almeter, of Alton, for appellee.

JUSTICE WARD delivered the opinion of the court:

Glenda Sue Wallace filed an application for adjustment of claim under the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*) for an accidental injury arising out of and in the course of her employment in Granite City by the respondent, Nestle Company. The application stated that on November 6, 1979, she had suffered burns above the knee on her right leg. After a hearing, the arbitrator concluded that the claimant had sustained only a noncompensable disfigurement and denied the claim for compensation. (See Ill. Rev. Stat. 1979, ch. 48, par. 138.8(c).) The Industrial Commission affirmed the arbitrator's decision, and the circuit court of St. Clair County confirmed the Commission's finding. The claimant appealed directly to this court under Rule 302(a)(2) (87 Ill. 2d R. 302(a)(2)).

The hearing before the arbitrator was held on July 20, 1981. The claimant, the only witness at the hearing, testified that on November 6, 1979, she was injured when a three-inch-diameter pressurized steam hose broke and struck her right leg. Hot water and steam from the broken hose caused a burn two inches in diameter above her right knee. She reported the accident to the company doctor, who removed the burned skin and applied a salve and dressing. The claimant did not lose time from work because of the injury, but she was placed on light-duty status for a month. She testified that she continues to experience sensitivity and an irritation of the affected area due to the rubbing of her clothes against the scar tissue.

The evidentiary deposition of Dr. Joseph Morrow, the claimant's osteopathic physician, was received into evidence. Dr. Morrow testified that he examined the claimant on September 13, 1980, and found a 2½-inch pink scar on her right thigh two inches above the knee. He said that there was normal motion of the right leg and hip without pain. The patient, however, complained of a mild burning sensation of the scarred area upon abduction of the right thigh. She also complained of sensitivity of the area and irritation when wearing tight-fitting clothes. He testified that, based on his examination and the complaints of Mrs. Wallace, his diagnosis was that she had had a second-degree burn of the anteromedial right thigh with a resultant 2½-inch pinkish discolored scar as a permanent cosmetic defect. When questioned further, Dr. Morrow stated that the claimant had a mild permanent partial disability to the body as a whole, attributable to a disability of the right lower extremity.

That the accident occurred as described has not been questioned. There was no question as to whether the injury arose out of and in the course of the claimant's employment. The only finding made by the Commission on

its review of the arbitrator's decision was regarding the nature and extent of the injury. The question on this appeal is simply whether the finding of the Industrial Commission that the claimant did not sustain a compensable injury is against the manifest weight of the evidence.

Determining the nature and extent of injury is primarily the responsibility of the Industrial Commission. (*Flores v. Industrial Com.* (1981), 87 Ill. 2d 48, 54; *John v. Industrial Com.* (1980), 81 Ill. 2d 145, 151.) Findings made by the Commission will not be set aside unless they are contrary to the manifest weight of the evidence (*Ford v. Industrial Com.* (1981), 86 Ill. 2d 126, 130; *Pruiett v. Industrial Com.* (1976), 65 Ill. 2d 240, 243), and this is so, though this court might not have reached the same conclusion if it had served as the finder of fact.

The claimant argues that since her testimony and the evidentiary deposition of Dr. Morrow were unrefuted by the respondent, the finding of the Industrial Commission is without foundation and must be set aside. What is involved, however, may not be so simply put. There are other factors to be considered. A claimant has the burden of proving all the elements of the claim in order to establish a right to compensation. (*Greater Peoria Mass Transit District v. Industrial Com.* (1980), 81 Ill. 2d 38, 43.) The burden of the claimant here was to prove a compensable injury by a preponderance of credible evidence. (*A.M.T.C. of Illinois, Inc. v. Industrial Com.* (1979), 77 Ill. 2d 482, 488.) Here, the arbitrator, the Commission and the circuit court judged that the claimant failed to prove that she had sustained a compensable injury.

The Act provides that disfigurement of the leg at a location above the knee is not compensable. Section 8(c) provides:

> "For any serious and permanent disfigurement to the hand, head, face, neck, arm, leg below the knee *** the employee is entitled to compensation for such disfigurement ***." (Ill. Rev. Stat. 1979, ch. 48, par. 138.8(c).)

The testimony of the claimant did not establish any permanent partial disability due to the two-inch scar. She returned to work immediately after the accident. She has full range of motion in the leg and hip, and apart from minor irritation experienced when wearing panty hose, the claimant's complaint basically involves only a cosmetic disfigurement.

Dr. Morrow testified to the sensitivity of the skin at the scar area, but did not add any clear testimony to show there was permanent partial disability. Rather, he testified on cross-examination that all range-of-motion tests performed on claimant were within normal limits and without pain. Furthermore, when asked for his diagnosis, he testified there was the scar, constituting a permanent cosmetic defect. Later, he expressed his view that there was permanent partial disability to the body as a whole due to the scar.

The evaluation of the testimony here was within the province of the Industrial Commission. It is its function to determine the credibility of witnesses and the weight to be given testimony. *Hart Carter Co. v. Industrial Com.* (1982), 89 Ill. 2d 487, 495.

We cannot say from this record that the finding of the Commission was contrary to the manifest weight of the evidence.

We would note that an appeal involving circumstances similar to those here was recently before this court. In *Peters v. Industrial Com.* (1983), 95 Ill. 2d 301, the Commission found that the claimant's injury had resulted in a one-centimeter scar above the knee and no permanent disability. Citing section 8(c) of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(c)) we held that a disfigurement of the leg above the knee is not compensable.

For the reasons given, the judgment of the circuit court of St. Clair County is affirmed.

*Judgment affirmed.*