(No. 40157.—

SWIFT AND COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HARRY P. PAUL, JR., Appellee.)

*Opinion filed March 29, 1967.*

RISSMAN & JENKINS, of DeKalb, (ROBERT C. JENKINS, of counsel,) for appellant.

GOLDMAN AND JACOBSEN, of Rockford, (RUSSELL J. GOLDMAN, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Harry P. Paul, Jr., an employee of Swift and Company was awarded workmen's compensation of 15 weeks temporary total incapacity for work, the Industrial Commission finding that he had sustained an injury to his back on October 2, 1964. The decision was affirmed by the circuit court of Ogle County, and the company has taken a further appeal to this court. It is contended that the finding is against the manifest weight of the evidence and that certain medical testimony admitted on behalf of claimant was erroneous and prejudicial.

According to the claimant's testimony he was working in a cooler on the day in question, where carcasses of hogs were moving along on an overhead conveyor belt. One of the carcasses stopped or stuck and then swung back, knocking the claimant down to a sitting position, where he remained for about three minutes. He reported to the medical office and then went home. There were no eyewitnesses to the incident, although claimant said he called his foreman who came and inspected the scene. The foreman was not called to testify.

The record shows that the claimant had suffered a prior accident on January 22 of the same year, when he slipped and fell down some stairs at the plant and injured his back. Compensation was awarded for a temporary total incapacity for work, from which award no appeal was taken. It also appears that on September 30, two days before the occurrence in question, claimant hurt his back when he fell from some rafters he was installing at his residence.

Respondent's contention that the evidence is insufficient is based on discrepancies in the claimant's testimony, and on the argument that his statements as to how, when and

where he hurt himself were discredited. Relied upon are some uncertainties about dates, the fact that claimant had at first denied he was working on his house or fell from the rafters, and the fact that in some other respects his testimony was contradicted by statements previously given to an investigator. After a careful examination of the record we think the testimony, if believed, is sufficient to sustain the award, and that the questions raised concerning credibility and weight are matters to be resolved by the commission. As this court has so often observed, it does not interfere with findings of fact made by the Industrial Commission unless they are against the manifest weight of the evidence. (*ACF Industries, Inc.* v. *Industrial Com.*, 8 Ill.2d 552.) In the light of the entire record the inferences drawn by the commission are permissible, even though the court might have drawn other ones from the facts in evidence. A reviewing court does not weigh conflicting evidence or substitute its judgment, on factual questions, for that of the commission. *Frenzel Construction Co.* v. *Industrial Com.*, 31 Ill.2d 310.

The claimant's medical witness, whom he had consulted for the purpose of examination, testified that the claimant suffered from a congenital condition of the lower spine which involves a weakening of the natural connective articulating portions of the lumbar vertebrae. He said that if persons with this condition sustain a trauma to the lower back "they develop symptoms relative to the sciatic nerve in one or both legs." Over objections the doctor also testified, among other things, that the claimant showed symptoms of a positive objective nature which disabled him from doing physical manual work involving the back or legs and which would require spinal surgery and major fusion. Respondent urges that there was a lack of qualifications and foundation for the admission of much of the doctor's testimony. After examining the record at length we think that although some of the medical testimony might better have been omitted

148

there was no error sufficiently prejudicial to require a reversal.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*