(No. 41735.—

Ford Motor Company, Appellant, *vs.* The Industrial Commission *et al.*—(James M. Ford, Appellee.)

*Opinion filed September 26, 1969.*

PERZ AND MAGUIRE, of Chicago, (FRANK M. PEREZ and JAMES C. SERKLAND, of counsel,) for appellant.

SEYMOUR SCHEFFRES, of Chicago, (SIDNEY Z. KARASIK, of counsel,) for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

The circuit court of Cook County affirmed a workmen's compensation award to James Ford, an employee of the Ford Motor Company. The company appeals, contending that the award of the Industrial Commission, which included some $3034 for permanent partial loss of use of the right arm and right leg, is against the manifest weight of the evidence.

The claimant, 53 years of age, was employed as a "booth cleaner" at $118.40 per week. The accident occurred on February 23, 1966, when an electric jeep struck him on the leg, knocking him to the floor. He was given a pass to go to the medical department, where a physician treated his right elbow. He returned the next day and had the elbow checked and medicated, and he made two later visits for pain-relieving tablets. He experienced stiffness and soreness in his neck, back, right elbow and right knee, and later visited his personal physician, who treated him. A month and seventeen days after the accident he returned to work and has been working since that time.

The claimant testified that at the end of the working day he is tired and suffering pain in the neck, the back, and the arm and leg. Dr. Samuel Rubert, who examined him three weeks after the accident, testified on his behalf that he noted a small scar below the right elbow and some tightness and resistance on moving the neck, the left shoulder, and the left elbow. An X ray of the left side of the chest indicated a fracture irregularity of one rib. Also found were some arthritic changes in the vertebrae. The doctor testified further that a permanent condition was present, and he expressed an opinion that there could have been a causal connection between the accident and "the condition of ill-being" which he had described. On cross-examination he stated that the arthritic changes he noted were certainly of more than one month's duration, that he had no way of saying whether the fractured rib could be attributed to the accident and that he "would certainly anticipate some improvement after an interval from the date of examination."

The company called Dr. Herbert Chwatal, who examined the claimant on March 1, 1967, which was about a year after the accident. He found normal motion of the head, neck and shoulder joints, and that there was no limitation or irritation in hip, leg or elbow. X rays showed no evidence of bone injury. There were some arthritic changes on the vertebrae but no evidence of irritation at the time of the examination.

After hearing the evidence the arbitrator awarded the claimant 6⁵/₇ weeks of temporary total disability, for a total of $424.29. He expressly found that the claimant "failed to prove that he sustained any permanent disability." However, without hearing any further evidence the Commission found that the claimant had sustained a permanent and complete loss of use of the right arm and the right leg to the extent of 10%, and increased the award by $3034.29. The circuit court affirmed the Commission's award.

To reverse the judgment the company contends that

the award for temporary total disability is not supported by evidence of inability to work. The contention must be rejected. There was no testimony that the claimant was in fact able to work, and there was ample medical testimony, based upon the physical examination by Dr. Rubert, to establish that the claimant had sustained injuries. The inference was permissible from the nature of his injuries that they disabled him for the six weeks or so he was absent from work. Under the circumstances it was not necessary for the claimant or his physician to state expressly that he was unable to work. This court will disturb findings of fact by the Commission only where they are against the manifest weight of the evidence. *Swift and Co.* v. *Industrial Com.*, 37 Ill.2d 145.

A different conclusion must be reached, however, as to the award for permanent loss of use. There is no basis in this record for a finding that the claimant's arm and leg were permanently injured. Dr. Chwatal, who examined him a year after the accident, found his condition to be normal and without any sign of impairment in arm or leg. Dr. Rubert, whose examination was made only three weeks after the accident, testified to the presence of "a permanent condition," but explained on cross-examination that he was referring to the arthritic findings which "definitely predated the date of accident." There is no proof here that the claimant suffers a permanent impairment of his arm or leg, and the award for permanent loss was contrary to the manifest weight of the evidence.

The judgment of the circuit court is reversed, insofar as it affirmed the award for a permanent loss of use. Insofar as the judgment affirmed the award for temporary total disability it is affirmed.

*Affirmed in part*
*and reversed in part.*