(No. 44874.—

CHARLES HOOK, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Canam Constructors, Inc., Appellant.)

*Opinion filed October 2, 1972.*

SWEENEY and RIMAN, of Chicago (GERALD O. SWEENEY, of counsel), for appellants.

HUGH J. McCARTHY and ROBERT MURPHY, of Chicago, for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission awarded petitioner, Charles Hook, compensation both for a period of temporary total disability, and for permanent and total disability, sustained as the result of an accident while in the employ of respondent, Canam Constructors, Inc. On review, without hearing additional testimony, the Industrial Commission set aside the award of the arbitrator, awarded petitioner compensation for a brief period of temporary total disability and found that he had failed to prove that he had sustained any permanent disability as the result of the accident. On *certiorari* the circuit court of Cook County reversed the decision of the Industrial Commission, reinstated the award of the arbitrator to "stand as the decision of the Industrial Commission" and respondent appeals.

Petitioner was injured on December 6, 1967, while working as a carpenter. He was working on a scaffold and fell backwards a distance of approximately 8 feet striking his back on a box and some plywood. He went to Bethany Medical Hospital, was X-rayed, examined by Dr. Netzel, and then returned to work. He worked approximately 30 minutes and went home. On the following day, at the hospital, he was given heat therapy to his back, neck, right forearm and right leg. He saw Dr. Netzel on three occasions and was hospitalized for 12 days. He continued to see Dr. Netzel and on January 15, 1968, apparently at

respondent's request, was seen by Dr. Gleason. He returned to work on March 22, 1968, and worked fairly regularly until October 15, 1968. Since that time, except for several efforts to perform odd jobs, he has not been employed. Petitioner testified that prior to the injury he had worked as a farmer, a steel worker, railroad employee, and aircraft worker. Since the accident he has suffered a great deal of pain, his weight has dropped from 165 to 150 pounds, and he had been unable to engage in sexual relations.

Dr. Kesert, a physician specializing in neurological and psychiatric disorders, testified that he examined petitioner on August 1, 1969. His objective findings were that petitioner weighed 142 pounds, was wearing a Queen Anne cervical collar, held his neck rigid, resisted any movements of the cervical spine, had loss of sensation on the right side of his face and neck and was unable to flex his lumbar spine more than 45 degrees. He made the diagnosis that petitioner was suffering from a severe traumatic neurosis. Answering, without objection, a hypothetical question propounded by petitioner's counsel he expressed the opinion that the condition of ill-being of the hypothetical person might or could be related to the occurrence on December 6, 1967, and that in his opinion the hypothetical person was suffering from a severe traumatic neurosis, which because of the chronicity of the symptoms, was permanent. On cross-examination he stated that he found no evidence of organic disease of the lower extremities and no evidence of atrophy of the muscles.

Dr. John Gleason, called by respondent, testified that he saw petitioner on January 15, 1968. His examination at that time consisted of an evaluation of the cervical spine, the lower and upper extremities and the lower back area. He found no abnormality, restriction of motion, or impairment of petitioner's reflexes or sensations. In his opinion petitioner was able to resume his normal active work. He saw petitioner again on April 21, 1969. At that time there was no motion in the cervical spine and after administering various tests he concluded that there was no

reason for the lack of motion and that petitioner was malingering. On cross-examination he stated that he made an orthopedic, not a psychiatric, examination, and stated, " *** I am not interested in getting involved in any psychiatric aspects to a case such as this."

Respondent contends that "the resolution of conflicting medical testimony, including that of causal connection is peculiarly within the province of the Industrial Commission" and argues that the "medical witnesses were at issue as to whether the petitioner was suffering from a traumatic neurosis or whether he was, in fact, a malingerer who was voluntarily restricting his movements in order to deceive the examiner." In support of the argument respondent points out alleged deficiencies in the hypothetical question, contending that it failed to include enough facts to support the doctor's opinion. Further, respondent argues, "Dr. Gleason demonstrated that the patient was consciously seeking to deceive the examiner, but that he failed because he could not correctly determine what would be a consistently appropriate response."

There is no question that a disability resulting from a traumatic neurosis is compensable. (*United States Fuel Co. v. Industrial Com.,* 313 *Ill.* 590; *Douglass and Co. v. Industrial Com.,* 35 *Ill.2d* 100; *International Harvester Co. v. Industrial Com.,* 46 *Ill.2d* 238.) Dr. Gleason expressly disclaimed any opinion with respect to the psychiatric disability and his testimony deals only with the absence of objective evidence of orthopedic involvement except for possible aggravation of an arthritic condition. Under the circumstances Dr. Kesert's testimony stands unrebutted, and there is no conflict in the medical testimony for the Industrial Commission to resolve. (*Kerz v. Industrial Com.,* 51 *Ill.2d* 319.) The decision of the Industrial Commission was contrary to the manifest weight of the evidence, the circuit court of Cook County did not err in so holding, and the judgment is affirmed.

*Judgment affirmed.*