(No. 44836.

ALBERT QUICK, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Northwestern Steel & Wire Co., Appellant.)

*Opinion filed Oct. 2, 1972.—Rehearing denied Nov. 29, 1972.*

HACKBERT, ROOKS, PITTS, FULLAGAR & POUST, of Chicago (DOUGLAS F. STEVENSON, DANIEL P. SOCHA and WILLIAM M. STEVENS, of counsel), for the appellant.

TUITE, MORRISSEY, GESMER & FINNEGAN, of Rockford (JASON N. GESMER and GERALD F. TUITE, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

This is an appeal from the circuit court of Whiteside County which reversed an award of the Industrial Com-

mission and reinstated the award of the arbitrator in favor of the employee, Albert Quick.

On October 26, 1968, Albert Quick was operating a stand-up-type electric tractor as an employee of Northwestern Steel & Wire Company at its mill in Sterling, Illinois. When the tractor malfunctioned he fell to the concrete floor. He claims injury to his head, neck and upper right extremity. The arbitrator made an award under the Workmen's Compensation Act (Ill.Rev.Stat. 1967, ch. 48, par. 138.1 *et seq.*) finding that Quick had a 15% loss of use of the right arm. In addition, the arbitrator awarded the employee 23 1/7 weeks temporary total disability compensation and $613.65 for medical expenses. On review, the Industrial Commission set aside the award for loss of use to the right arm, reduced the medical expenses to $25, and allowed the 23 1/7 weeks of temporary total disability compensation which had been awarded by the arbitrator. The circuit court reversed the Industrial Commission and reinstated the award of the arbitrator. The employer has appealed to this court.

Following the injury Quick was taken by ambulance to a hospital. He was examined by a doctor, given some medication and directed to go home. On the following day he was examined by Dr. Alter, his family physician, who prescribed ice packs for his headache. The following day Dr. Alter made arrangements for certain tests to be performed since Quick's headache had become worse.

On February 1, 1969, the employee returned to his regular job and worked continuously until April 1, 1969, when he blacked out at work and again fell. He was in the hospital for two days. It was stipulated that this fall on April 1 was nonoccupational. He did not return to work until November 21, 1969.

On June 10, 1969, Quick, at the request of his attorney, was examined by Dr. Riordan, who found certain injuries to the right shoulder and arm. This is the first medical report of any shoulder involvement. On

September 21, 1969, Quick underwent surgery to his right shoulder, following which he was greatly improved, and on November 21, 1969, he returned to regular work. In December, 1969, he was examined by Dr. Samuel Rupert who testified before the arbitrator in January, 1970, that the condition he found in Quick's right shoulder was permanent and that there was a causal connection between that condition and the alleged accident on October 26, 1968. Dr. Rupert was the only doctor who testified although other medical reports were introduced into evidence. These medical reports indicated that Quick was subject to epileptic seizures; that in 1959 and 1960 he had had surgery to correct a brain abcess which required the insertion of a metal plate in his head.

It is the contention of the employer that the decision of the Industrial Commission was not against the manifest weight of the evidence and that the circuit court should not have reversed the determination of the Industrial Commission.

The Industrial Commission found in its decision on review that Quick sustained accidental injuries, without specifying the nature of the same. It also found that as a result of these injuries Quick was temporarily totally incapacitated for work for 23 1/7 weeks; that he was entitled to compensation therefor. By computation it becomes evident that the 23 1/7 weeks of temporary total disability allowed by the Commission includes the period of time during which Quick was incapacitated because of the surgery to his shoulder. It was stipulated that between October 26, 1968, and November 21, 1969, Quick was out of work 47 weeks and 5 days. It was also stipulated that from April 1, 1969, through September 20, 1969, a period of 24 weeks and 4 days, Quick received group insurance payments which would make him ineligible for compensation for that period. He entered the hospital for surgery on September 21, 1969, and returned to work on November

21, 1969. This period is included in the 23 1/7 weeks allowed by the Commission.

By making the award for temporary total disability, it is apparent that the Commission affirmed the finding of the arbitrator that Quick suffered an injury affecting his arm. We are not therefore concerned with reviewing the evidence relating to the injury. We are only concerned with the propriety of the Commission's failure to allow compensation for 15% disability to the right arm and the medical expenses for the surgery.

Quick testified that when he fell he struck his head and shoulder, that he had pain in his shoulder after he was taken home, and that following the tests administered a few days after the accident the pain in his shoulder became worse. Dr. Riordan's report described the disability he found in the right shoulder on June 10, 1969, and for which surgery was performed on September 21, 1969. Dr. Rupert testified that his examination of Quick following the surgery revealed limited motion and loss of rotation of the right shoulder, and he testified that in his opinion this condition was permanent.

Admittedly, it is the function of the Industrial Commission to determine questions of fact and to draw whatever reasonable inferences and conclusions are warranted by the evidence. It is the function of a court on review to determine whether the findings and conclusions of the Industrial Commission are against the manifest weight of the evidence. *Miller-Patton Baking Co. v. Industrial Com., 49 Ill.2d 324; Williams v. Industrial Com., 49 Ill.2d 317; Cebulski v. Industrial Com., 48 Ill.2d 289.*

Having allowed the employee temporary total disability compensation for the period of time he was hospitalized for surgery, it was inconsistent for the Industrial Commission not to also allow the employee medical expenses for the surgery. Considering this with the undisputed testimony of Dr. Rupert as to the permanent

disability of the employee, we must conclude that the decision of the Industrial Commission not to allow the medical expenses and permanent disability award allowed by the arbitrator was against the manifest weight of the evidence.

The circuit court was correct in reinstating the award of the arbitrator. While an arbitrator's findings are not binding on the Industrial Commission, the arbitrator's decision is not without legal effect. This court has held that the arbitrator's findings and award may be relied upon and sustained by the circuit court when it sets aside the decision of the Industrial Commission. *Hendren v. Industrial Com., 19 Ill.2d 44.*

The judgment of the circuit court of Whiteside County is affirmed.

*Judgment affirmed.*