(No. 46281.—

THE CITY OF CHICAGO, Appellant, v. THE INDUS-TRIAL COMMISSION *et al.*—(Merton E. Freeman, Appellee.)

*Opinion filed November 27, 1974.*

Richard L. Curry, Corporation Counsel, of Chicago (Daniel Pascale, Marsile J. Hughes, and William R. Quinlan, Assistants Corporation Counsel, of counsel), for appellant.

Lyons & Warman and Discipio & Decarlo, of Chicago (Vito D. Decarlo, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

After a hearing before an arbitrator the petitioner, Merton E. Freeman, was awarded benefits for complete and permanent disability. The award was affirmed by the Industrial Commission and confirmed by the circuit court of Cook County. The employer, the City of Chicago, has appealed to this court. 50 Ill.2d R. 302(a)(2).

On July 3, 1969, the petitioner was employed by the City of Chicago as an iron worker, as he had been for the prior 20 years. He testified before the arbitrator that on that day he was working in a confined area and began removing a plywood wall which blocked ventilation of the work area. As he swung a sledge hammer over his head he felt a sharp pain on the left side of his body. The pain lasted only temporarily and he was able to finish the day's work. On the following work day, a Monday, he again experienced the pain, and went to see the City's physician, Dr. Rightman, who treated him for a pulled muscle. For the next four weeks he did not work. He returned to work for one week and then went on a three-week vacation. On September 2 he returned to work. The pain on the left side of his body grew worse and on October 21, 1969, he stopped working. Petitioner subsequently consulted with a number of doctors and in December, 1970, was admitted to a veteran's administration hospital where he remained for 109 days and underwent many tests. When he left the hospital petitioner was still experiencing the same pain. He then consulted with Dr. Byla, a neurologist, who performed a posterior rhizotomy. During this operation the dorsal nerve roots responsible for feeling in the afflicted portion of the petitioner's body were severed. Despite this operation petitioner continued to experience pain in the left side of his chest during any physical activity.

At the arbitrator's hearing medical evidence was presented for the petitioner by Dr. Byla and for the City by Dr. Oldberg. Dr. Byla testified that during his first examination of Freeman he noticed some lack of expansion on the left side of his chest, which he thought was due

to the pain. From his own findings and petitioner's medical history he made a diagnosis that petitioner suffered from radiculitis, an inflammatory condition of the nerve roots, and recommended the performance of the posterior rhizotomy. After this operation, there was no neurological explanation for petitioner's continuing pain. Dr. Byla stated that the pain felt by petitioner after the operation was a "central fixation" similar to the phantom pains sometimes felt by an amputee in a severed limb. Although there was no neurological explanation for the pain, it was to the petitioner a real pain. Dr. Byla was of the opinion that the pain was causally related to the accident of July 3, 1970, and was permanent.

Dr. Oldberg, also a neurologist, testified that he examined petitioner before and after the posterior rhizotomy surgery. On neither occasion did he discover any neurological or organic explanation for petitioner's complaints of pain. Dr. Oldberg had no opinion about Freeman's psychological condition, but stated that he was organically fit to work.

The City argues that the Commission's decision should be reversed because there is no evidence that petitioner's "central fixation" is attributable to his alleged accident, and because at the time of the alleged injury petitioner was performing a task for his own personal convenience and comfort. It also argues that the award is precluded by section 8(b)(7) of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.8(b)(7)) as there are no objective symptoms of any injury.

This court has frequently recognized that: "Where an employee suffers an accident causing a total and permanent incapacity for work it is immaterial that this incapacity exists by reason of a mental disorder rather than a physical one, providing it resulted from the injury." (*Thomas J. Douglass and Co. v. Industrial Com.,* 35 Ill.2d 100, 104; see also *Hook v. Industrial Com.,* 53 Ill.2d 245; *International Harvester Co. v. Industrial Com.,* 46 Ill.2d

238; *United States Fuel Co. v. Industrial Com.,* 313 Ill. 590.) This rule has gained general acceptance and is now followed by virtually all jurisdictions. (1 A. Larson, The Law of Workmen's Compensation, sec. 42.22 (1973).) It is also well established that the findings of the Industrial Commission will not be set aside unless contrary to the manifest weight of the evidence and that the determination of disputed questions of fact, including the determination of the weight to be afforded to conflicting views of medical witnesses' is primarily the function of the Industrial Commission. *Frontier Ford, Inc. v. Industrial Com.,* 55 Ill.2d 556; *Proctor Community Hospital v. Industrial Com.,* 41 Ill.2d 537.

In this case it was stipulated that on July 3, 1969, the petitioner sustained accidental injuries which arose out of and in the course of his employment. The respondent did not stipulate as to the causal connection between the present condition of ill-being and the accident of July 3, 1969. The evidence shows that from that date he has been under continual medical treatment for alleviation of persistent pain. Medical experts for both parties testified that there was no organic or neurological explanation for the pain which petitioner now has. Dr. Byla, however, testified that petitioner's pain is attributable to a central fixation, that this condition was caused by petitioner's accident, and that the condition is permanent. This testimony was in no way contradicted by the testimony of the City's expert, Dr. Oldberg, who refused to express an opinion upon petitioner's mental condition. In view of this evidence we are of the opinion that the decision of the Industrial Commission is not against the weight of the evidence.

The City contends that section 8(b)(7) of the Act precludes recovery because of the absence of objective symptoms. This section provides in part: "All compensation payments named *** mean and are defined to be for accidental injuries and only such accidental injuries as are proven by competent evidence, of which there are or have

been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself." It must be emphasized that the provision of the statute requires that the objective conditions or symptoms which must be present relate only to the accidental injuries for which compensation is sought. It does not require that there be findings of objective symptoms or conditions of disability. *Martin Young Enterprises, Inc. v. Industrial Com.*, 51 Ill.2d 149; *Electro-Motive Division, G.M.C. v. Industrial Com.*, 32 Ill.2d 35.

It cannot be said that the record contains no objective conditions or symptoms of the petitioner's injury. A doctor's report which was introduced as evidence before the arbitrator states: "The positive physical findings were tenderness to palpation of the left eighth rib at the anterior axillary line radiating along the rib posteriorly. The pain could be reproduced with less severity by precussion of the eighth rib below the angle of the scapula." Also Dr. Byla, a treating physician testified that there was a depression of pinprick sensation when he tested the petitioner with a sharp needle. This depression was noted in one particular area of the petitioner's chest. Dr. Byla also testified that during his examination there appeared to be some lack of expansion on the left side of the chest in comparison with the right side which expanded more voluminously. He attributed this lack of expansion on inhalation to the presence of pain. Dr. Byla testified that he correlated his findings with the history given to him by the petitioner in arriving at his diagnosis. Based upon this diagnosis he recommended and performed surgery. Following the surgery the petitioner continued to complain of pain in an area served by the nerves, the roots of which had been severed. From this the doctor concluded that the pain the petitioner was then experiencing was a phantom pain much the same as one has when he continues to feel pain in a foot that has been amputated. Dr. Byla testified that the petitioner was not a malingerer

but that the pain to him was real. Although some of the responses to the tests administered may have been within the control of the petitioner, we feel that these tests demonstrate the presence of objective symptoms relating to the petitioner's injury. (See *Powers Storage Co. v. Industrial Com.*, 340 Ill. 498.) Dr. Byla's diagnosis was obviously based upon something more than purely subjective conditions under the petitioner's control. See *Olin Industries, Inc. v. Industrial Com.*, 394 Ill. 202.

In its decision the Industrial Commission awarded the petitioner the amount of $2,552.21 for medical expenses. This included medical expenses incurred prior and subsequent to petitioner's hospitalization in the Veteran's Hospital, but did not include the expenses of hospitalization. The Commission found that it could not award petitioner the expenses of his hospitalization because this was an expense of his own choosing. The Commission's decision was confirmed in its entirety by the circuit court. Petitioner now contends that the Commission erred in not awarding him the expenses of his hospitalization. However, petitioner did not cross-appeal from that aspect of the circuit court's judgment and that issue is not properly before this court. Ill. Rev. Stat. 1973, ch. 48, par. 138.19(f)(2); Ill. Rev. Stat. 1973, ch. 110A, par. 303; *City of Wilmington v. Industrial Com.*, 52 Ill.2d 587.

For these reasons the judgment of the circuit court is affirmed.

*Judgment affirmed.*