CARLOS L. GLOVER, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Pabst Brewing Company, Appellee).

Third District (Industrial Commission Division)   No. 3—85—0072WC

Opinion filed November 14, 1985.

James M. Janovetz, of Harvey & Stuckel, Chartered, of Peoria, for appellant.

Rebecca S. Riddell, of McConnell, Kennedy, Quinn & Johnston, of Peoria, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Petitioner, Carlos Glover, filed an application for adjustment of his claim under the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*) for injuries he sustained to his back, neck and arms while he was employed by respondent Pabst Brewing Company. Arbitrator Warren Metts awarded petitioner 1.86 weeks of temporary total disability benefits under section 8(b) of the Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(b)) and ordered Glover's employer to pay $435 for necessary medical services under section 8(a) of the Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(a)). The arbitrator denied petitioner's claim for any further compensation, holding that petitioner had failed to prove any permanent disability on account of his injuries. Both Glover and his employer petitioned the Industrial Commission for review of the decision of the arbitrator. On May 21, 1984, the Industrial Commission issued a predecision memorandum on review indicating that it was the decision of the Industrial Commission to affirm the decision of the arbitrator. The notice of the predecision memorandum on

review stated that, unless requested by the parties, the published decision of the Industrial Commission would not contain the reasons for the decision, findings of fact or conclusions of law, all of which by virtue of section 19(e) of the Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.19(e)) are required to be made in writing. The notice stated that the absence of such a request would constitute a waiver of the requirement. Neither party filed any such request, and the Industrial Commission on July 12, 1984, issued a summary decision on review affirming the decision of the arbitrator. Glover sought review of the decision of the Industrial Commission in the circuit court of Peoria County. The circuit court confirmed the award of medical expenses and the denial of permanent disability benefits but held that the award of temporary total disability benefits was contrary to the manifest weight of the evidence and increased the award from 1.86 weeks to 2⁶/₇ weeks of temporary total disability benefits. Glover has perfected the instant appeal to this court.

On appeal, petitioner contends that: (1) the Industrial Commission failed to conduct an independent evaluation of the evidence; and (2) the decision of the Industrial Commission finding the petitioner had sustained no permanent disability is against the manifest weight of the evidence.

At the time he was injured, Carlos Glover was employed by Pabst Brewing Company as a bottle cleaner at Pabst's brewery in Peoria Heights. On August 3, 1981, while lifting a 20- to 25-pound metal door off a trough, Glover experienced a sharp pain in his back and right shoulder. Glover promptly reported to his employer's first aid station where he was given a muscle relaxant and told to rest. The following day he again reported to first aid complaining of pain. This time he was referred to the emergency room of Proctor Hospital and later to Dr. Phillip A. Immesoete, a general practitioner.

On his first examination, Dr. Immesoete reported that petitioner complained of a sharp pain in the middle of his back and upon physical examination the doctor discovered tenderness in that area. Petitioner also complained of headaches. The doctor prescribed some pain medication and ordered that petitioner be taken off work. An X-ray examination made of petitioner's back disclosed no abnormalities. Petitioner was reexamined several days later, at which time petitioner's condition was said to be improving although petitioner still complained of headaches. The doctor increased his medication, and petitioner was again examined a week later. At that time the doctor reported that petitioner had only slight tenderness in his middle back. The doctor also found that petitioner had full range of motion and be-

cause petitioner's medication appeared to be working well, petitioner was released to return to work on the following Monday, August 17, 1981. Dr. Immesoete's prognosis was that petitioner suffered no permanent disability as a result of his injury. In the doctor's opinion such muscle injuries generally heal completely within six to eight weeks.

Petitioner did not return to work on August 17, 1981. During this time petitioner had also been under the care of Dr. Denzel D. Jines, a chiropractor. Dr. Jines had ordered that petitioner remain off work until August 26, 1981. Petitioner testified that Dr. Jines had administered heat treatments to his back and that these treatments had provided petitioner temporary relief from his pain.

When petitioner did return to work, his employer provided him with an assistant to help with any lifting petitioner may have been required to do. Petitioner continued to work at the brewery until the plant shut down.

Petitioner was examined by two other physicians, Dr. David E. Conner, an orthopedic surgeon, and Dr. Richard L. Cram, also an orthopedic surgeon. Dr. Conner's examination was performed at the request of Dr. Immesoete, and Dr. Cram's examination was performed at the request of petitioner's attorneys.

Dr. Conner examined petitioner on December 30, 1981, and he was the last doctor from whom petitioner received any treatment. Dr. Conner performed both physical and X-ray examinations. The X-ray photographs disclosed no abnormalities. The physical examination disclosed that although petitioner complained of some pain and tenderness, petitioner had full range of motion and showed no signs of muscle atrophy. Dr. Conner diagnosed probable inflammation of the right biceps muscle tendon and prescribed an antiinflammation drug. Petitioner was told to return for steroid injection if the drug did not help. Petitioner never returned. Petitioner testified before the arbitrator that the drug had worked although he had since stopped taking any medication except aspirin.

Dr. Cram examined petitioner on December 15, 1982. The doctor performed both physical and X-ray examinations. The X-ray photographs disclose no abnormalities. Dr. Cram diagnosed chronic inflammation of the right biceps muscle tendon. In the doctor's opinion the petitioner should be restricted to lifting less than 50 pounds and his progress should be followed closely. The doctor prescribed no further treatment.

In testimony before the arbitrator on April 18, 1983, petitioner stated that he had sustained no other injury to his shoulder either before or after August 3, 1981. Petitioner testified that his right shoul-

der was sore constantly and that it was painful to use his right arm. He stated that his current occupation required him to use small hand tools and do some light lifting and these activities caused him pain. In testimony before one of the commissioners on January 24, 1984, petitioner still complained of pain and constant soreness in his right arm and shoulder. The commissioner conducted an examination of petitioner's back, shoulders, arms and hands. The commissioner noted some crepitation sounds from both the left and right shoulders.

Despite this appearance before one of the commissioners, petitioner urges that the Industrial Commission failed to conduct an independent evaluation of the evidence. Petitioner directs this court's attention to two features of the Industrial Commission's decision in support of this contention. Petitioner first points to the Industrial Commission's failure to make findings of facts and conclusions of law in its written decision. Petitioner also claims that the Industrial Commission's decision must be set aside because it is internally inconsistent in that it allowed medical expenses for a period of time exceeding the period of time allowed for temporary total disability.

■ Petitioner's first point is flawed in two respects. First, it is presumed that the Industrial Commission does consider competent and proper evidence in reaching its decision. (*National Biscuit, Inc. v. Industrial Com.* (1984), 129 Ill. App. 3d 118, 120, 472 N.E.2d 91, 93.) The failure of the Industrial Commission to provide a full written decision, by itself, should not serve to rebut this presumption. Second, petitioner may not complain of any irregularity in the failure to provide a full written decision, because he did not request that one be prepared when he was given an opportunity to do so.

■ Petitioner also points to the inconsistency in the Industrial Commission's decision in support of his claim that no independent evaluation of the evidence was conducted. Petitioner cites *Quick v. Industrial Com.* (1972), 53 Ill. 2d 46, 289 N.E.2d 617, as support for this contention. *Quick* involved a situation where the Industrial Commission had allowed temporary total disability benefits for a hospital stay, yet disallowed the medical expenses incurred during that stay. As such, *Quick* is distinguishable from the instant appeal. Here, medical expenses were allowed for a period of time exceeding the period of temporary total disability. There is nothing inconsistent about such an award. *Zarley v. Industrial Com.* (1981), 84 Ill. 2d 380, 418 N.E.2d 717.

Petitioner also urges that the decision of the Industrial Commission is against the manifest weight of the evidence.

The extent and permanency of a claimant's disability is an issue

of fact to be determined by the Industrial Commission. (*Garrison v. Industrial Com.* (1980), 83 Ill. 2d 375, 377, 415 N.E.2d 352, 354.) It is within the province of the Industrial Commission to resolve conflicts in the evidence and to draw reasonable conclusions and inferences from the evidence; and this court will not set aside the Industrial Commission's decision unless it is manifestly against the weight of the evidence. *McLean Trucking Co. v. Industrial Com.* (1983), 96 Ill. 2d 213, 219, 449 N.E.2d 832, 835.

■ The findings of the arbitrator, which the Industrial Commission adopted, state that no doctor testified that petitioner's condition was permanent. Petitioner disputes this finding by pointing to the testimony of Dr. Cram, who stated that petitioner suffered from chronic back pain and would need to be closely followed in the future. As petitioner points out, "chronic" is defined as "persisting over a long period of time." This definition however does not equate with that of "permanent," which is defined in terms of continuing or enduring without change. "Permanent" is typically used prospectively, while "chronic" is typically used retrospectively; and we conclude that it was used in that context here.

■ Nevertheless, if the court were to accept petitioner's interpretation of Dr. Cram's testimony, the situation would still simply be one of conflicting medical testimony. (See *McLean Trucking Co. v. Industrial Com.* (1983), 96 Ill. 2d 213, 449 N.E.2d 832.) The arbitrator's decision is supported by evidence in the record. With the possible exception of Dr. Cram, no other doctor testified that petitioner's condition was permanent. Further, the persistence of petitioner's pain could be ascribed to his unilateral termination of medication and treatment.

■ In its appeal brief, respondent contends that the circuit court erred in its finding that the Industrial Commission's award of 1.86 weeks of temporary total disability benefits was contrary to the manifest weight of the evidence. The court increased this award to 2⁶/₇ weeks. This issue was first raised by respondent on appeal in respondent's appellee brief. Since respondent did not file a cross-appeal, this issue is therefore waived. *City of Chicago v. Industrial Com.* (1974), 59 Ill. 2d 284, 290, 319 N.E.2d 749, 753.

Ignoring respondent's waiver of this issue, the evidence supports the circuit court's finding. Petitioner was kept off work the additional time by Dr. Jines. Respondent was ordered to pay Dr. Jines' bill of $435. It would seem inconsistent to allow these costs yet deny petitioner benefits for the lost time he suffered while under this doctor's care. See *Quick v. Industrial Com.* (1972), 53 Ill. 2d 46, 289 N.E.2d 617.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

WEBBER, P.J., and BARRY, LINDBERG, and McNAMARA, JJ., concur.