ILLINOIS PIPING COMPANY, Appellant, v. THE INDUSTRIAL COMMIS-
SION *et al.* (Hans Hagen, Appellee).

Third District (Industrial Commission Division)   No. 3—86—0673WC

Opinion filed June 25, 1987.

Lauren K. Meachum and Kevin M. Miller, both of McConnell, Kennedy, Quinn & Johnston, Chartered, of Peoria, for appellant.

Harvey & Stuckel, of Peoria, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:
The employer, Illinois Piping Company, appeals from an order of the circuit court of Peoria County confirming the finding of the Industrial Commission that the injured claimant, Hans Hagen, was entitled to payment for temporary total disability for an injury arising out of and in the course of his employment. Illinois Piping claims that the Commission improperly admitted a treating physician's report over an objection that the report was hearsay. It also argues that the finding of the Commission that Hagen's condition was causally related to previous work-related accidents is against the manifest weight of the evidence.

Hagen was employed as a steamfitter for Illinois Piping. On March 1, 1983, Hagen injured his low back and right hip while pushing a heavy pump. Hagen received chiropractic treatment and was hospitalized from April 22 to April 28, 1983. Hagen returned to work on May 16, 1983. Hagen stated he could do his job perfectly well at this time although he continued to suffer some pain in the lower back.

On August 19, 1983, Hagen's back went out while lifting a 240-pound pipe with another steamfitter. Hagen was unable to work. In September 1983, Dr. Jesse Weinger diagnosed Hagen's condition as an L4-L5 disc herniation resulting from one of his two back injuries at work. During this time the pain would radiate from Hagen's back down through both legs to his knees. In April 1984, Dr. Weinger admitted Hagen into the hospital to perform chemonucleolysis.

Dr. Weinger released Hagen to work in July 1984. Hagen only worked three weeks in the remainder of 1984 because he continued to suffer from intermittent back pain. After an examination in February 1985, Dr. Weinger noted in an evaluation record that although Hagen had not suffered an episode in six weeks, he had several previous episodes of back spasms which lasted anywhere from a few days to a

week. Dr. Weinger noted that although Hagen appeared to be completely recovered at that time, he was having recurrent lumbosacral strain due to a degenerative disc disease.

On May 13, 1985, Hagen was lifting a pipe at work when the load shifted towards him and he injured his back again. Hagen did not lose any time from work as a result of this incident. Dr. Weinger prescribed medication.

On August 19, 1985, Hagen injured his back again while working a rotary hammer into concrete at work. The hammer hit a rod, forcing it to twist up and sending pain into Hagen's lower back and down to his right hip, leg and heel. Dr. Weinger hospitalized Hagen and on October 16, 1985, performed a lumbar fusion at L5-S1.

Hagen filed four separate claims for workers' compensation as a result of the four episodes in which he injured his back. Illinois Piping's interest in the two claims arising in 1983 was represented by Bituminous Insurance Company, while its interest in the 1985 claims was represented by St. Paul Insurance Company. All parties agreed to consolidate the four claims for a hearing before the arbitrator.

Before the arbitrator, Hagen offered exhibits 1 through 12, which were stipulated to by the attorney from St. Paul. The attorney from Bituminous objected to exhibit 11, a letter from Dr. Weinger, on the grounds that the letter was hearsay. The arbitrator admitted the exhibit.

The arbitrator found that Hagen suffered a herniated disc at L4-L5 after the August 19, 1983, accident. The arbitrator also found that this 1983 accident initiated Hagen's symptoms and was the primary cause for the fusion surgery in 1985, after the August 1985 accident aggravated his condition. The arbitrator awarded Hagen temporary total disability for time off work and medical expenses.

On review, the Commission affirmed the decision of the arbitrator in terms of the award. The Commission, however, found that the May 13, 1985, incident was not an accident within the meaning of the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 et seq.) but simply was a manifestation of Hagen's underlying condition. The Commission found Hagen's condition and the need for fusion surgery to be causally related to the 1983 accidents arising out of and in the course of his employment. Thus, the Commission awarded compensation based upon claimant's injuries in 1983 and found that claimant failed to prove he sustained injuries which arose out of and in the course of his employment on May 13 and August 19, 1985. The Commission also admitted Dr. Weinger's letter over Bituminous' continued objection on behalf of Illinois Piping. The Commission did not consider

Hagen's request for penalties or attorney fees because of a voluntary agreement that he would not seek the same in exchange for Illinois Piping's payment of approximately 70% of the compensation due.

On appeal, Illinois Piping first challenges the admittance of Hagen's exhibit 11, a letter sent by Dr. Weinger to Hagen's attorney on January 13, 1986. Dr. Weinger's deposition was never taken nor did he testify before the arbitrator or the Commission. Dr. Weinger stated in this letter that Hagen's injuries at work in 1985 were just aggravations and temporary exacerbations of his underlying degenerative condition which resulted from his original accident on August 19, 1983. Dr. Weinger stated that he did not feel that the subsequent episodes were in any way the direct cause of the need for surgery in this case. Illinois Piping argues that the letter was inadmissible as hearsay. It contends that evidence properly admitted in the 1985 claims was not properly admitted in the 1983 cases simply because all claims were consolidated. Illinois Piping does not argue that the cases were improperly consolidated; rather, it claims that its rights were prejudiced when the Commission admitted this exhibit because of the stipulation by the other counsel for Illinois Piping. Illinois Piping asserts that without this letter from Dr. Weinger, there is no evidence that causally connects Hagen's present condition to the 1983 accidents and thus, any such finding would be against the manifest weight of the evidence.

■■ ■ The consolidation of cases for trial should not change fundamental rights of the parties or applicable rules of evidence. Separate consolidated actions must be conducted in such a way as to avoid prejudice to a substantial right. (Ill. Rev. Stat. 1985, ch. 110, par. 2— 1006.) The rights of Illinois Piping have only been prejudiced, however, if the Commission erred in admitting Dr. Weinger's letter over the hearsay objection. We do not find any error in the Commission's decision to admit Dr. Weinger's letter. As the Commission found, the probability of accuracy and trustworthiness of the report served as a substitute for cross-examination under oath. Furthermore, the conclusion reached by the Commission is sufficiently supported by other evidence found in the record.

In *United Electric Coal Co. v. Industrial Com.* (1982), 93 Ill. 2d 415, 444 N.E.2d 115, the court admitted reports and audiograms made by a treating physician over the respondent's objection that the evidence was hearsay. The court held that the rule against admission of hearsay is not absolute and under certain circumstances the probability of accuracy and trustworthiness may serve as a substitute for cross-examination under oath. The court in *United Electric* empha-

sized that there was no challenge to the report's authenticity. Here, there has been no challenge to the existence or authenticity of Dr. Weinger's letter. However, Illinois Piping alleges that at the time he wrote the letter, Dr. Weinger was no longer a disinterested party because the letter was prepared at the request of Hagen and his attorney. It is an unfair inference that Dr. Weinger was somehow biased in giving his opinion because he was paid for the time spent in preparing the report. There is no evidence in the record to support a claim of bias or prejudice on the part of Dr. Weinger.

██ Illinois Piping challenges the statement of the Commission that one reason for admitting Dr. Weinger's letter was that Illinois Piping had received and relied upon other records from him in paying benefits for the first two accidents. Illinois Piping claims that such a statement amounts to a forced admission of liability by Illinois Piping for the 1983 injuries. We believe, however, that the Commission only intended to emphasize the reliability of the records. Illinois Piping quotes extensively from Dr. Weinger's records to support its contention that the 1983 accidents were not connected to Hagen's pre-disc surgery condition. Dr. Weinger was Hagen's treating doctor for over two years and Bituminous paid his bills during this time on behalf of Illinois Piping. Because Illinois Piping has offered and relied upon other reports of Dr. Weinger, it should not be allowed to question the reliability of this one report.

Illinois Piping further contends that Dr. Weinger's letter should not have been admitted because there was no testimony to corroborate the letter and because statements in the letter were inconsistent with earlier statements made by Dr. Weinger. We disagree. Dr. Weinger's letter was corroborated by a January 6, 1986, report where he states that Hagen had a long history of back complaints probably due to a disc herniation at L4-L5 which resulted in the need to perform the spinal fusion. This disc herniation was diagnosed as early as September 1983. Furthermore, while statements made by Dr. Weinger indicate that Hagen's condition did improve after the initial injuries in 1983, Dr. Weinger stated in his evaluation in early 1985 that Hagen was suffering from a degenerative disc disease. We therefore find that Dr. Weinger's letter was corroborated by other evidence and was consistent with his other findings. Thus, the Commission did not err in admitting the letter into evidence.

Even assuming admission of this evidence was improper, such error does not require reversal when there has been no prejudice or if the evidence does not materially affect the outcome. (*Pagel v. Yates* (1984), 128 Ill. App. 3d 897, 901, 471 N.E.2d 946, citing *Bullard v.*

960

*Barnes* (1983), 112 Ill. App. 3d 384, 445 N.E.2d 485.) In *Pagel*, the court admitted hearsay evidence regarding return of the wrong horse from defendant's horse breeding farm. The court found that the evidence at trial overwhelmingly proved that plaintiff received the wrong horse and thus, reversal was not required. In addition, in *Gibson v. State Farm Mutual Automobile Insurance Co.* (1984), 125 Ill. App. 3d 142, 465 N.E.2d 689, the court held that even if admission of a police officer's testimony was error, it must be shown that admission of the incompetent evidence was prejudicial or materially affected the outcome of the trial. In a similar evidentiary ruling in an Industrial Commission case, our supreme court, in response to the argument that there was a lack of qualification and foundation for the admission of much of an examining doctor's testimony, held that after examining the record, although some of the medical evidence might better have been omitted, there was no error sufficiently prejudicial to require a reversal. (*Swift & Co. v. Industrial Com.* (1967), 37 Ill. 2d 145, 224 N.E.2d 863.) We believe that in light of the additional competent evidence in the record, especially Dr. Weinger's medical reports and his letter dated January 6, 1986, which both conclude that Hagen was suffering from a degenerative disc condition before the 1985 accidents, even improper admission of hearsay evidence was not sufficient prejudice to Illinois Piping's case and therefore would not require reversal.

■ Illinois Piping next contends that the finding of the Commission that Hagen's condition is causally related to the 1983 accidents is against the manifest weight of the evidence. The letter from Dr. Weinger states that he does not feel that the subsequent episodes in 1985 were in any way the direct cause of the need for surgery in this case. In addition to this letter, the Commission relied on Dr. Weinger's medical evaluation report to reach its finding that Hagen's condition was causally related to the 1983 injuries. Dr. Weinger diagnosed Hagen as having a herniated disc as early as September 1983. In addition, Dr. Weinger stated in a report dated January 6, 1986, that it was his impression that Hagen has a long history of back complaints which were probably due to a disc herniation at L4-L5 and this resulted in the eventual necessity to perform a two-level spinal fusion.

Illinois Piping places considerable weight on the fact that Dr. Weinger stated in February 1985 that Hagen had completely recovered. It urges that, on the basis of this statement, the Commission could not possibly find a causal connection between the 1983 accidents and the claimant's present injured condition. We find, however, that the Commission was entitled, as we do now, to analyze this statement

of the doctor in light of his entire prognosis. The statement regarding Hagen's recovery came from an evaluation report made by Dr. Weinger after examining Hagen. At that time Hagen had not suffered a recurrent episode of spasms in nearly six weeks. Immediately after stating that Hagen was recovered, Dr. Weinger stated that Hagen was suffering from recurrent lumbosacral strain due to a degenerative disc disease. The Commission's finding of causal connection is not against the manifest weight of the evidence.

■ Finally, Illinois Piping argues that the August 19, 1985, injury, described by Dr. Weinger as an aggravation of Hagen's underlying condition, was a separate compensable injury under current cases which state that an "aggravation" of a preexisting ailment is in itself a compensable injury if it arises out of and in the course of employment. (See *Peoria Motors, Inc. v. Industrial Com.* (1982), 92 Ill. 2d 260, 442 N.E.2d 144.) The Commission stated that Hagen's symptoms were exacerbated on August 19, 1985, while Hagen was operating a jackhammer. The Commission did not find that the August 1985 injury supplied sufficient independent contribution to Hagen's final disability to justify a separate award for this injury. Considering all evidence in the record, the Commission's conclusion is not against the manifest weight of the evidence.

■ Hagen argues in his brief that it was improper for the Commission to deny him penalties under sections 19(k) and 19(l) and attorney fees under section 16. Hagen did not raise this issue before the trial court and did not file a cross-appeal regarding penalties and fees. This issue is waived. *City of Chicago v. Industrial Com.* (1974), 59 Ill. 2d 284, 319 N.E.2d 749; *Glover v. Industrial Com.* (1985), 140 Ill. App. 3d 361, 485 N.E.2d 605.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

BARRY, P.J., and WOODWARD, McCULLOUGH, and KASSERMAN, JJ., concur.