THOMAS RILEY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Joseph D. Foreman Company, Appellee).

Third District (Industrial Commission Division)   No. 3—89—0713WC

Opinion filed April 10, 1991.

Patrick J. McNamara, of Schenk, Duffy, Quinn, McNamara, Phelan, Carey & Ford, of Joliet, for appellant.

Andrew A. Galich, of Womack & Galich, of Chicago, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

An arbitrator found that the injuries sustained by the petitioner, Thomas Riley, did not arise out of and in the course of his employment with the respondent, Joseph D. Foreman Company. The Industrial Commission (Commission) affirmed the arbitrator's decision, and the circuit court confirmed the Commission's decision. The petitioner appeals.

At the hearing before the arbitrator, the petitioner testified that on January 19, 1984, he was working for the respondent selling water and sewer materials. That morning he called on some of his customers and then attended a luncheon meeting of the South Suburb Waterworks Association. As a member, the petitioner was required to pay dues, for which he was reimbursed by the respondent.

The petitioner testified that he had several glasses of wine at the meeting. Although the meeting ended at approximately 2:30 p.m., the petitioner stayed afterwards to visit with some of his customers who were also at the meeting. He stated that he continued drinking after the meeting.

The petitioner left the restaurant about 4:30 p.m. He testified that he planned to deliver a tool to one of his customers on his way home. He noted that the respondent was aware he would be delivering the tool to the customer. Instead, however, he fell asleep at the wheel and hit a utility pole. He was subsequently taken to St. James Hospital, where a blood test revealed he had a blood-alcohol level of .220.

The medical records showed that the petitioner suffered a concussion. He testified that as a result of the accident he suffered pain in his shoulders, neck, and head, which increased when he engaged in any strenuous activity.

The arbitrator, Commission, and circuit court found that the petitioner's injuries did not arise out of his employment. None of them gave a basis for this finding.

The petitioner argues on appeal that the Commission's finding that his injuries did not arise out of his employment was against the manifest weight of the evidence. Specifically, he contends that since his intoxication did not prevent him from carrying out his employment responsibilities and since it was undisputed he was engaged in a work activity when the accident occurred, the Commission erred in finding that his injury did not arise out of his employment.

An injury is compensable under the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*) only if it arises out of and in the course of employment. (*Panagos v. Industrial Comm'n* (1988), 171 Ill. App. 3d 12, 524 N.E.2d 1018.) For an injury to arise out of one's employment, it must have an origin in some risk connected with or incidental to the employment so that there is a causal connection between the employment and the injury. (*Fire King Oil Co. v. Industrial Comm'n* (1976), 62 Ill. 2d 293, 342 N.E.2d 1.) An injury is in the course of employment when it occurs within the period of employment at a place where the employee can reasonably be expected to be in the performance of his duties and while he is performing those duties or something incidental thereto. *Panagos*, 171 Ill. App. 3d at 15, 524 N.E.2d at 1020.

For compensation to be denied on the basis of intoxication, the evidence must show that the employee was so intoxicated that the court can say as a matter of law that the injury arose out of his drunken condition and not out of his employment. (*Paganelis v. Industrial Comm'n* (1989), 132 Ill. 2d 468, 548 N.E.2d 1033; *District 41, International Association of Machinists & Aerospace Workers v. Industrial Comm'n* (1980), 79 Ill. 2d 544, 404 N.E.2d 787.) Whenever an employee is so drunk and helpless that he can no longer follow his

employment, and he is injured in that condition, his injury does not arise out of his employment. However, intoxication which does not incapacitate the employee from following his occupation is not sufficient to defeat the recovery of compensation even though the intoxication may be a contributing cause of his injury. *District 141*, 79 Ill. 2d at 558, 404 N.E.2d at 792-93.

■■ ■ Resolving disputes in the evidence and drawing reasonable inferences and conclusions therefrom is the responsibility of the Industrial Commission. (*County of Cook v. Industrial Comm'n* (1988), 177 Ill. App. 3d 264, 532 N.E.2d 280.) The Commission's findings will not be reversed on appeal unless they are against the manifest weight of the evidence. *Glover v. Industrial Comm'n* (1985), 140 Ill. App. 3d 361, 485 N.E.2d 605.

■ In the instant case, the petitioner testified that he had at least five glasses of wine throughout the afternoon. On his way home from his meeting, he was going to deliver a tool to one of his customers. However, he was unable to do so because he fell asleep at the wheel and struck a utility pole.

Intoxication is not a *per se* bar to workers' compensation benefits. However, under the instant circumstances we find that the Commission could reasonably conclude that the petitioner was unable to perform his work properly and therefore was not carrying out his employment responsibilities when he had his one-car accident. Accordingly, the Commission's conclusion that his injury did not arise out of his employment was not against the manifest weight of the evidence.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

McNAMARA, WOODWARD, McCULLOUGH, and LEWIS, JJ., concur.*

---

*The disposition and concurrences were made prior to March 11, 1991.