(No. 47582.- )

FIRE KING OIL CO. *et al.*, Appellants, v. THE INDUSTRIAL COMMISSION *et al.*—(Thomas A. Banas, Appellee.)

*Opinion filed January 26, 1976.*

John R. Rafferty, of Chicago, for appellants.

Asher, Greenfield, Goodstein, Pavalon & Segall, Ltd. (Irving M. Greenfield and Richard O. Greenfield, of counsel), for appellee.

MR. JUSTICE CREBS delivered the opinion of the court:

This is an appeal from an award of compensation made pursuant to the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.1 *et seq.*).

The claimant, Thomas A. Banas, was employed by the respondent as the manager of a gasoline station. On November 8, 1972, the claimant and a co-employee were working at the station when two employees of a security company arrived to collect the station's cash receipts. While the claimant was counting the money in the station, his co-employee revealed a handgun to the other two men and began a conversation about the gun. As the claimant turned toward the men the gun discharged, and the bullet struck the claimant in his right knee. It is undisputed that the claimant's injury resulted from an accident.

An arbitrator awarded certain compensation to the claimant. That award was subsequently affirmed by the Industrial Commission and by the circuit court of Cook County.

The respondent contends in this appeal that an accidental shooting of an employee by a co-employee is not a compensable injury pursuant to the Workmen's Compensation Act. To be compensable under the Act, the injury must "arise out of" and be "in the course of" the employment. (Ill. Rev. Stat. 1973, ch. 48, par. 138.2.) The phrases "arise out of" and "in the course of" are used conjunctively, thus requiring the existence of both elements to make the Workmen's Compensation Act applicable. The phrase "in the course of" relates to the time, place and circumstances of the injury, while the phrase "arising out of" refers to the requisite causal connection between the injury and the employment. (*Technical Tape Corp. v. Industrial Com.*, 58 Ill.2d 226.) The injury in the case at bar clearly occurred in the course of the claimant's employment. It is undisputed that the claimant was performing his duties for the respondent on the respond-

ent's premises when the accident occurred.

A somewhat more difficult question is whether the Industrial Commission was justified in finding that the injury "arose out of" the claimant's employment. For an injury to arise out of one's employment the injury must have an origin in some risk connected with or incidental to the employment so that there is a causal connection between the employment and the accidental injury. (*Union Starch v. Industrial Com.*, 56 Ill.2d 272.) The respondent argues that the origin of the claimant's injury was a risk that some person would accidentally discharge a gun and thereby cause an injury. The respondent further argues that that risk cannot be said to be incidental to the claimant's employment. In light of the remedial nature of the Workmen's Compensation Act, however, we believe that the respondent's narrow interpretation of the risk faced by the claimant must be rejected. The use of Brinks armored car service here, combined with the fact that robberies of service stations have become common, form a basis from which the Industrial Commission could properly find that the co-employee was motivated to have a gun on the premises because of the conditions of the employment. This being the case, it follows that the risk of being accidentally shot is also incident to the employment.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*