LUBIN MANAGEMENT COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Harold A. Voelpel, Appellee).

First District (Industrial Commission Division)   No. 1—89—2542WC

Opinion filed June 15, 1990.

Womack & Galich, of Chicago, for appellant.

Cohn, Lambert, Ryan & Schneider, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

An arbitrator found that the petitioner, Harold A. Voelpel, sustained injuries arising out of and in the course of his employment with the respondent, Lubin Management Company, and awarded him temporary total disability benefits of $339.10 per week for $75\frac{5}{7}$ weeks, $6,215.70 in medical expenses, and permanent partial disability benefits of 15% of the man as a whole. (Ill. Rev. Stat. 1981, ch. 48, pars. 138.8(a), (b), (d)(2).) The Industrial Commission affirmed the arbitrator's decision, and the circuit court confirmed the Commission's decision. The respondent appeals.

At the hearing before the arbitrator, the petitioner testified that since 1974 he had been employed as the resident maintenance manager of an apartment complex owned by the respondent. He was responsible for maintaining the interior and exterior of the complex

and was on call 24 hours a day for emergencies.

He stated that on June 8, 1982, at approximately 11 p.m., he received a call asking him to pick up a tenant's son whose car had broken down about one quarter of a mile from the apartment complex. Using the vehicle provided for him by the respondent, he drove to where the man and another tenant who was a passenger in the car were stranded. The petitioner testified that on the way back to the complex, he was forced to drive off the road to avoid hitting an oncoming car. In doing so, his vehicle hit a boulder and landed in a ditch. The petitioner's head struck the roof of the car and his neck was bent backwards. His right leg was jammed under the dashboard. The following morning he went to the emergency room, where X rays were taken. The petitioner complained of pain in his lower back and in his right leg radiating downward to his foot. His chiropractor, Dr. Lawrence Smith, diagnosed his condition as a traumatic cervical strain resulting from a hyperextension reaction, complicated by a cervical radiculitis with left upper extremity paresthesia.

The petitioner testified that in the past he had provided assistance to tenants off the complex premises. He provided jump starts to tenants whose cars would not start and towed their cars out of snow banks and ditches. He had also given tenants rides back to the complex when their cars were disabled either as a result of an accident or mechanical problems.

The petitioner noted that Robert Lubin, the respondent's president, was aware that he was assisting the tenants when they were off the premises. He admitted that Lubin had not given his express permission to provide such assistance, but added that he had not prohibited him from doing so either. Lubin did, however, tell him to notify the tenants that such services were not part of his duties.

The petitioner further testified that after the accident he immediately returned to work, but subsequently resigned in January 1984. In November 1984, he moved to California, where he was employed as a patrol officer. He testified that in November of 1985, he was involved in a motorcycle accident in which he suffered separated ribs. The petitioner stated that as a result of the 1982 accident, he continued suffering from back pain, a stiff neck, and swelling of the right leg.

Rental agent Geraldine Gotter, who was the petitioner's ex-wife, testified that she was aware the petitioner had assisted tenants who were off the premises and noted that he did so in the interest of maintaining good landlord-tenant relations. She stated that these services by the petitioner were beyond the call of duty. Further, she tes-

tified that she had informed Lubin that the petitioner was assisting tenants in this way and he had indicated that such activities helped promote a good relationship with the tenants. She stated that Lubin never instructed the petitioner to discontinue providing such assistance to the tenants.

Lubin testified that he was not aware the petitioner was assisting tenants who were off the complex premises. He stated that he did not give the petitioner permission to provide such services. Further, he testified that the petitioner's duties did not include providing pick-up service to tenants off the premises.

The arbitrator found that the petitioner had sustained accidental injuries in the course of his employment. Consequently, he awarded the petitioner temporary total disability benefits of $339.10 per week for $75^{5}/_{7}$ weeks, $6,215.70 in medical expenses, and permanent partial disability benefits of 15% of the man as a whole. (Ill. Rev. Stat. 1981, ch. 48, pars. 138.8(a), (b), (d)(2).) The Commission affirmed the arbitrator, and the circuit court confirmed the Commission.

The respondent argues on appeal that the Commission's finding that the petitioner's injuries arose out of his employment was against the manifest weight of the evidence, since the petitioner's injuries resulted from an automobile accident that occurred off the respondent's premises while the petitioner was engaged in activities other than his specific job duties.

■■ ■ An injury is compensable under the Act only if it arises out of and in the course of employment. (*Panagos v. Industrial Comm'n* (1988), 171 Ill. App. 3d 12, 524 N.E.2d 1018.) For an injury to arise out of one's employment, it must have an origin in some risk connected with or incidental to the employment so that there is a causal connection between the employment and the injury. (*Fire King Oil Co. v. Industrial Comm'n* (1976), 62 Ill. 2d 293, 342 N.E.2d 1.) An injury is in the course of employment when it occurs within the period of employment at a place where the employee can reasonably be expected to be in the performance of his duties and while he is performing those duties or something incidental thereto. (*Panagos*, 171 Ill. App. 3d at 15, 524 N.E.2d at 1020.) An automobile accident which occurs off the employer's premises but which originates from the employment is compensable. See *Technical Tape Corp. v. Industrial Comm'n* (1974), 58 Ill. 2d 226, 317 N.E.2d 515.

In the instant case, the evidence showed that the petitioner was required to be on emergency call 24 hours a day. The petitioner testified that in the past he had provided assistance to tenants who were off the complex premises. Further, he testified that Lubin was aware

he was assisting the tenants in this manner and never told him not to do so. Gotter also testified that Lubin was aware of the petitioner's activities and said he indicated that in doing so the petitioner was promoting good landlord-tenant relations. On the other hand, Lubin denied any knowledge of the petitioner's activities.

We note that in their appeal briefs the respondent and the petitioner discuss several cases dealing with situations where an employee was off the employer's premises and not working when he or she was injured. (*Quarant v. Industrial Comm'n* (1967), 38 Ill. 2d 490, 231 N.E.2d 397; *Panagos v. Industrial Comm'n* (1988), 171 Ill. App. 3d 12, 524 N.E.2d 1018.) The issues in those cases revolved around whether some special circumstance, such as the employer requiring the employee to use a certain route to gain access to the premises, could be construed to have extended the employer's liability. We find those cases distinguishable from the instant case since the only issue here is whether the activities in which the petitioner was engaged when he was injured were part of his job duties.

It is the function of the Industrial Commission to decide questions of fact and causation and to judge the credibility of the witnesses. (*O'Dette v. Industrial Comm'n* (1980), 79 Ill. 2d 249, 403 N.E.2d 221.) Given the evidence of the instant respondent's knowledge and implied approval of the petitioner's activities, we find that the Commission's decision was not against the manifest weight of the evidence.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA, WOODWARD, McCULLOUGH, and LEWIS, JJ., concur.